# Walker *v.* The State.

### *Indictment for Burglary.*

1. *Opinion of witness; general rule; exceptions.*—It is a general rule that a witness must state facts and cannot give his opinion as to their existence; but there are exceptions to the rule, among which is, that as to matters with which the witness is specially acquainted, but cannot be specifically described, a witness may express an opinion, which the jury must take in connection with the facts on which it is based.

2. *Same; when witness may give opinion; weight of testimony, for the jury.* Where the identity of wheat stolen with that found in possession of defendant is a material inquiry, the owner, who is shown to be a miller and grower of wheat for nearly thirty years, and familiar with the different varieties, may testify that when his wheat was cut early the grain had a peculiar smell, and that the wheat in question had been so cut; that the grain found in possession of defendant had the same odor as that in the hogshead from which the grain had been stolen; and may, therefore, give his opinion that the wheat alleged to have been stolen was part of the wheat originally in possession of the prosecutor. The weight of such testimony is for the jury to determine under all the facts and circumstances of the particular case.

3. *Judgment imposing hard labor for costs; what should be specified.*—Judgments imposing hard labor for the county for payment of costs, should specify the precise amount, and the number of days the defendant is to serve for their payment, and the sum allowed for each day's service; but judgments imposing such hard labor at a certain rate until the costs are paid, without specifying the number of days or amount of costs, have been too often sanctioned by this court for them to be now held erroneous.

APPEAL from the Circuit Court of Elmore.

Tried before the Hon. JAMES Q. SMITH.

Defendant, Esley Walker, was indicted at the spring term of said court, and trial was had on the plea of "*not guilty.*" The evidence was that the mill-house of one J. C. Westbrook had been broken into sometime in the summer of 1876, by some person who effected the breaking by boring through the floor of said house with an auger, one and one-eighth inch in diameter, which had been kept in a shop near such mill-house; a hole was bored through the bottom of a hogshead which was standing on the floor of said house,

there being about eighteen or twenty bushels of wheat in the hogshead; that the wheat fell through said hole and through the hole in the floor, some of which was found on the ground under said holes; that on the top of said wheat in the hogshead were grains of corn of different colors, and also grains of black oats mixed in with the wheat; that several bushels of wheat had been taken out of said hogshead; that about two days after said wheat was missed and the holes discovered, the defendant went to said mill with a sack of wheat to have it ground; that the wheat in said sack corresponded with the wheat in the hogshead—had various colored grains of corn, and some grains of black oats, mixed with it.

The State introduced the prosecutor, one J. C. Westbrook, as a witness, who testified that he had been a miller and wheat raiser for thirty years, and was the owner of the wheat in the hogshead, having raised it on his farm and cut it earlier than usual; that early cutting gives it a peculiar odor, and that from a comparison of the wheat in said sack with the wheat in the hogshead, and from his experience, and as an expert, and the peculiar odor of said wheat, he was of opinion that it was a part of the wheat formerly in the hogshead, and had been taken therefrom. To said opinion, as evidence, the defendant objected, and, upon being overruled, took an exception.

The jury found the defendant guilty; and the court imposed a sentence upon him, which the record sets out as follows: "The sentence of the court, on the verdict of the jury, is, that the prisoner do two years hard labor for the county, and an additional hard labor until the costs are paid, at the rate of not less than forty cents per day."

M. L. BULGER, and BRAGG & THORINGTON, for appellant. 1. The ruling of the court below, on the objection to the opinion given by the witness, Westbrook, as an expert, presents the principal question in the case. On questions of science, skill, or trade, and others of *like kind*, the opinion of persons skilled, or *experts*, are sometimes permitted to be given in evidence.— *Washington v. Cole*, 6 Ala. 212. The present instance is not within the rule.

2. The judgment of the court, imposing hard labor, is erroneous, in not specifying that the "additional hard labor for costs," is to be hard labor for the county. The statute should be followed, which is not done.—Code of 1876, § 4731. And to warrant the additional imposition of hard labor the judgment entry should express affirmatively, "*if the costs are not presently paid.*" That portion of the entry is too uncertain and indefinite.

[Walker v. The State.]

JOHN W. A. SANFORD, Attorney-General, *contra.*

BRICKELL, C. J.—1–2. It is a general rule that a witness must state facts and cannot state his opinion as to their existence. There are exceptions to the rule, and among others, that as to matters with which he is specially acquainted, but which cannot be specifically described, a witness may express an opinion, which the jury must take in connection with the facts on which it is based.—1 Whart. Ev. § 512. Within this exception, falls the evidence to the admissibility of which objection was made. The identity of the wheat stolen with that taken to the mill by the defendant, was a material inquiry. The wheat stolen was the property of the witness who had raised and cut it. For thirty years the witness had been a miller and a grower of wheat, and of course had observed whatever distinctive peculiarities there may be in the different varieties of wheat. The wheat had been cut early, and when cut early, the grain has a peculiar odor. Having compared the wheat found in the possession of the defendant with that remaining in the hogshead from which his wheat had been stolen, and discovering that it had the same odor, we do not perceive the force of the objection to his expression of the opinion that the wheat in the possession of the defendant, was a part of the wheat originally in the hogshead. The identity of the two parcels of wheat was of matter about which he had special knowledge and which was not capable of proof by any other means. The weight of the evidence was for the consideration of the jury, and perhaps would be regarded as of little value, if the fact was, that all the facts on which the opinion was based, would have been equally applicable to any other parcels of wheat as to those in the hogshead, and in the sack, if cut early. Its weight, and its admissibility are different questions.

3. The practice of entering judgments imposing hard labor for the county, for the payment of costs, in the form in which the present judgment is entered, has prevailed too long, and has been too often sanctioned by this court, for any disturbance of it. If the question were open, I would not hesitate to declare it irregular. No such judgment ought to be entered without specifying the precise amount of the costs, and the number of days the defendant is to serve for payment of them, and the sum allowed for each day's service. This certainly is due to the dignity of a judgment, depriving a citizen of his liberty, and condemning him to compulsory labor.

The judgment must be affirmed.