# Dowling *v.* City of Troy.

*Violating Municipal Ordinance.*

(Decided June 13, 1911. 56 South. 116.)

1. *Municipal Corporations; Recorder's Courts; Jurisdiction.*—Under section 1213, et seq., Code 1907, recorders have jurisdiction to hear and determine charges of violations of municipal ordinances, the power of ex officio justices of the peace, and original jurisdiction, concurrent with the county court, over misdemeanors committed within the police jurisdiction of the municipality.

2. *Same; Violation of Ordinance; Prosecutions.*—One charged before a recorder may demand the nature of the accusation against him or he may waive that right in prosecutions under ordinances, but having made the demand, the recorder may not proceed without informing him of the accusation.

3. *Same; Complaint; Sufficiency.*—A complaint filed by the city in the recorder's court alleging that accused committed the prohibited act within the police jurisdiction of the city, contrary to law and in violation of an ordinance of the city, charges a violation of the municipal ordinance, for the word "law" may include an ordinance and under the complaint the accused knew that he was being prosecuted for a violation of an ordinance of the city.

4. *Same; Punishment.*—Under sections 1216 and 1218, Code 1907, the punishment for a violation of a municipal ordinance is criminal, and the term for which sentence is imposed in default of payment must definitely appear on the face of the sentence.

5. *Same; Appeal; Trial de Novo.*—Where an appeal is taken from the judgment and sentence of the recorder to the circuit court, the sentence pronounced in the circuit court on a trial de novo must be certain. (Sec. 1217, Code 1907.) The defendant cannot be remanded for new sentence by the Recorder.

[Dowling v. City of Troy.]

6. *Fomer Jeopardy; State and Municipal Offenses.*—Although an act may be an offense against the state and against the municipalities, yet a conviction of a violation of a state statute or a municipal ordinance, bars any prosecution by the other law enforcing power ,where it is for the same or substantially the same offense. (Sec. 1222, Code 1907.)

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Arch Dowling was convicted of a violation of a municipal ordinance of the city of Troy, and he appeals. Reversed and remanded.

See, also, 172 Ala., 56 South. 118.

There was conviction in the mayor's court for a violation of the prohibition law, and the defendant was sentenced to pay a fine of $100 and $2 costs. On appeal to the circuit court there was a vedict of guilty, and a fine of $50 attached. A judgment was entered remanding the prisoner to the city authorities for punishment according to the judgment, and after having served his term with the city of Troy it was further ordered that he be delivered to the sheriff of Pike county to work out the costs incurred in the circuit court; the sentence being for 66 days of hard labor at the rate of 40 cents per day, the sentence to begin at the expiration of his term of service for the city of Troy.

. A. G. SEAY, for appellant. Motion to quash the affidavit and warrant should have been granted.—*Butler v. The State,* 130 Ala. 127; *Miles v. The State,* 94 Ala. 106; *Anderson v. The State,* 130 Ala. 126; *City of Selma v. Shivers,* 150 Ala. 502. The complaint was insufficient and demurrer thereto should have been sustained.— *Case v. Mobile,* 30 Ala. 538; *Tomlin v. Birmingham,* 109 Ala. 243; *Rosenburg v. City of Selma,* 52 So. 742. The 6th and 7th grounds of demurrer should have been sustained.—*Johnson v. The State,* 82 Ala. 29; *Miles v. The State, supra; Barron v. City of Anniston,* 157 Ala.

399. The act fixing the cost at 40 cents per day is unconstitutional.—Sec. 45, Const. 1901; *Brown v. The State,* 115 Ala. 74.

FOSTER, SAMFORD & CARROLL, for appellee. There was no judgment upon the demurrers, and hence, they cannot be reviewed here.—*L. & N. v. Stewart,* 128 Ala. 313; *Bessemer Co. v. DuBose,* 125 Ala. 442; *Hereford v. Combs,* 126 Ala. 369. Action on demurrer must be shown by the record and not by bill of exceptions.— *Dana v. Crew,* 137 Ala. 617.. Counsel then insist that in view of the Municipal Code Act, and of *Rosenburg v. City of Selma,* 52 So. 742, the court committed no error in sentencing the prisoner in the manner and form shown by the record. Even if the act be unconstitutional, it is insisted that the proper thing to be done would be to affirm the case and modify the sentence to that extent.—*Johnson v. The State,* 94 Ala. 36.

PER CURIAM.—Recorders exercise a dual jurisdiction. They exercise that power which is peculiar to recorders; they hear and determine charges of violations of municipal ordinances. Upon conviction of the person, they have power to fine and imprison, and to sentence to hard labor upon the streets or public works, or in the work house or house of correction of the city; and, in the event the fine and costs are not presently paid, to require the offender or person thus in default to work out the fine and costs under the direction of the city authorities. They also have the power of ex officio justices of the peace except in civil matters. They have original and concurrent jurisdiction with the county court, or court of like jurisdiction, of all misdemeanors committed within the police jurisdiction of the city or town, and "when a person has been tried and convicted of any offense which is a misdemeanor under the state

laws, by a municipal officer empowered by law to try such offenses, he shall be punished as provided by law."—Code 1907, § 1213 et seq. Misdemeanors are punishable by fines, hard labor for the county, and imprisonment in the county jail.—Code, § 7620.

An act may be at once an offense against the state and against the municipality. The punishment of offenses against the two jurisdictions is in material respects different, though the limits of fines in the two cases are the same; and a judgment on the trial of an offense charged against either jurisdiction bars a prosecution by the other for the same, or substantially the same, offense.—Code, § 1222.

A person arraigned for trial before a recorder has a right to demand the nature and cause of the accusation and to have a copy thereof.—*Birmingham v. O'Hearn,* 149 Ala. 307, 42 South. 836. This right may be waived in the case of prosecutions under municipal ordinances (*Aderhold v. Anniston,* 99 Ala. 521, 12 South. 472), but if, after demand, the court proceeds to a judgment of conviction without a definition of the jurisdiction which it assumes to exercise, the resulting judgment is a nullity.—*Arzumanian v. Birmingham,* 165 Ala. 374, 51 South. 645.

The amended complaint shown to have been filed in this case sufficiently defined the offense and the jurisdiction the recorder was exercising. It showed a complaint by the city of Troy that the defendant did sell spirituous, vinous, or malt liquor, within 12 months and within the police jurisdiction, contrary to law and in violation of an ordinance of the city of Troy. The phrase "contrary to law" has been appropriated for the statement of offenses against the sovereignty of the state (*Rosenberg v. Selma,* 168 Ala. 195, 52 South. 742), but a use of the mere word "law," which would include

"municipal ordinance," is by no means impossible, and when the complaint in this case proceeded to a further definition of the law invoked against the defendant by alleging that it was an ordinance of the city of Troy, it was made to appear clearly that the defendant was being proceeded against for a violation of an ordinance of the city rather than for a transgression of the criminal laws of the state. The elements of the offense were sufficiently set forth also.—*Rosenburg v. Selma, supra.* The motion to quash the affidavit was properly overruled.—*Blankenshire v. State,* 70 Ala. 10.

After ascertaining the defendant's guilt, the judgment pronounced in the recorder's court proceeded as follows: "It is considered and adjudged by the court that the defendant is guilty and is fined $100, and $2 costs." In the circuit court, on appeal, the defendant was found guilty and a fine of $50 was assessed against him. The judgment and sentence of the circuit court was as follows: "It is therefore considered and adjudged by the court that the defendant is guilty, and the fine and costs not being presently paid or judgment confessed in favor of the city by the defendant as provided by law, it is therefore considered and adjudged by the court that the defendant be and he is hereby remanded to the city authorities for punishment. It is further considered and adjudged by the court that after the defendant has served his term of punishment with the city of Troy, he shall be delivered to the sheriff of Pike county to work out the costs incurred in this court, and the said defendant is hereby sentenced to work 66 days at hard labor for Pike county to pay the costs of this court at 40 cents per day, sentence begins at the expiration of his term of service to the city of Troy."

It is said that prosecutions for violations of municipal ordinances are quasi criminal.—*McKinstry v. Tus-*

*caloosa,* 171 Ala., 54 South. 629, in MS. In respect to the punishment inflicted such prosecutions are unequivocally criminal. The statute recognizes this fact.— Code, § 1218. When the recorder imposes a fine, it becomes his duty "in the event the fine and costs are not presently paid, to require the offender or person thus in default to work out the fine and costs under the direction of the city authorities."—Code, § 1216. The length of the term for which sentence is imposed in default of payment presently made must not be left to inference. That must definitely appear from the face of the sentence.—*Ex parte Hill,* in MS. Assuming that the necessity for a sentence in default of present payment was obviated by the appeal which followed the judgment of guilt, it was necessary that the sentence pronounced in the circuit court should be as certain as the sentence by the recorder should have been had no appeal been taken. The circuit court is not a court of appellate review; it tries de novo.—Code, 1217. The defendant could not be remanded for sentence anew by the recorder. His jurisdiction was exhausted.

Section 1219 of the Code, providing for the disposition of the case upon judgment of guilt on appeal, says: "After the prisoner has worked out the said fine and costs due the city, or served the sentence of the court, he shall, unless the costs are paid, be delivered to the sheriff of the county to work out the costs incurred in said circuit court or other court, for which sentence shall be passed on him at the time of rendering judgment against him in the same manner and to the same extent as if said costs had been incurred in a case for a violation of state law." The court sentenced the defendant to hard labor for costs at the rate of 40 cents a day. This was in accordance with section 13 of the act approved November 30, 1907.—General Acts (Sp. Sess.)

[Dowling v. City of Troy.]

1907, p. 179. Section 7365 of the Code provides for a rate of 75 cents. It is said for the appellant that this section of the act, so far as it undertakes to change the rate at which the convict shall be credited with his labor is unconstitutional, for the reason that its subject is not clearly expressed in the title of the act (Const. 1901, § 45), and hence that the Code rate should have been applied in the sentence for costs.

The question of the constitutionality of the statutory provision just mentioned was certified by this court to the supreme court for determination, and that court, in determining the question so certified, has ruled the section of the statute above mentioned, in so far as it changes the rate at which convicts shall be credited with their labor, is unconstitutional, and that the appellant should have been sentenced for costs at the rate of 75 cents a day, as provided by section 7635 of the Code.—*Dowling v. City of Troy*, 172 Ala.

The judgment of guilt is affirmed. The sentence is reversed. In order that a proper sentence may be pronounced, the cause is remanded to the circuit court.—*Herrington v. State*, 87 Ala. 1, 5 South. 831; *Johnson v. State*, 94 Ala. 35, 10 South. 667.

Reversed and remanded.

NOTE.—The foregoing opinion, except the paragraph thereof in reference to certifying to the Supreme Court for its determination the question of constitutionality mentioned, and the ruling of that court on the question so certified, was prepared by Mr. Justice Sayre, of the Supreme Court, before the transfer of the case to this court, and was adopted by this court.