# Barrentine *v*. The State.

*Violating Prohibition Law.*

(Decided Jan. 30, 1912.  57 South. 1025.)

1. *Appeal and Error; Insufficient Presentation; Affirmance.*— Where the record on appeal contains no bill of exceptions, and the certificate of the clerk shows that the time for filing the bill of exceptions has expired, and the verdict and judgment is regular on its face, and there is no other error in the record, the cause will be affirmed.

2. *Costs; Hard Labor; Rate.*—Where the judgment fails to show the amount of the costs or the number of days necessary for the defendant to pay costs, the judgment will be reversed and the cause remanded that the judgment may be corrected so as to specify the allowance of cost at the rate of 75 cents per day.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Joe Barrentine was convicted of violating the prohibition law and he appeals. Judgment of conviction affirmed and the cause remanded for proper correction.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the state. There is no error apparent of record except the judgment and sentence, and this court will correct that or remand for proper sentence.—*Darrington v. The State*, 87 Ala. 1; *Johnson v. The State*, 94 Ala. 35; *Dowling v. City of Troy*, 56 South. 116.

PELHAM, J.—The defendant was convicted of violating the prohibition law. The record contains no bill of exceptions, and the certificate of the clerk shows that the time for filing has expired. The judgment of conviction and sentence imposing a fine of $75 is regular,

[Morse v. The State.]

and is based on a verdict finding the defendant guilty and assessing a fine of that amount; but the judgment fails to show the amount of costs, or the number of days necessary for the defendant to perform hard labor for the county in default of paying or securing the costs, although the judgment entry shows the costs were not paid or secured.

The judgment of the court determining the guilt of the defendant and the sentence on default in payment of the fine is affirmed. In order that the court below may specify in the judgment the amount of costs, number of days, and sum allowed for each day, and pronounce the proper sentence of hard labor imposed for costs, the case is remanded.—Code 1907, § 7635; *Dowling v. City of Troy,* 1 Ala. App. 508, 56 South. 116; *Evans v. State,* 109 Ala. 11, 19 South. 535; *Johnson v. State,* 94 Ala. 35, 10 South. 667; *Herrington v. State,* 87 Ala. 1, 5 South. 831; *Walker v. State,* 58 Ala. 393.

Affirmed in part, and reversed and remanded in part.