# Loudermilk *v.* The State.

## *Violating Prohibition Law.*

(Decided Feb. 1, 1912.   58 South. 180.)

1. *Indictment and Information; Charging Several Offenses; Conviction.*—Where the indictment charged in several counts the selling, manufacturing, offering for sale, or other disposition of prohibited liquors, the defendant could be convicted under more than one count if the evidence justifies it.

2. *Witnesses; Examination; Offenses.*—A defendant is not entitled to show on cross-examination of the state's witnesses that a man could drink a dozen, a dozen and a half, or two dozen bottles of beer in a day, in explanation of the quantity of beer found in the defendant's room, the defendant himself having been allowed to testify as to how much he could drink, and such evidence was uncontroverted.

3. *Same; Examination; Judicial Discretion.*—After a witness had been examined on direct, cross and re-direct examination, it was discretionary with the trial judge to refuse to allow the trial to be prolonged by a re-examination of the witness about the same matters.

4. *Trial; Reading Over Stenographer's Notes; Propriety.*—Where the court stated that the reading should not be considered as evidence, it was not improper to permit the official stenographer to read from his trial notes, a question and answer to and of a witness for the purpose of refreshing the recollection of the prosecuting attorney.

5. *Intoxicating Liquors; Evidence.*—Testimony that a witness had attempted to buy beer from the defendant, but that defendant had refused to sell, but gave her some beer, was immaterial, and properly excluded.

6. *Charge of Court; Covered by Those Given*—Where requested charges are substantially covered by requested charges given, it is not error to refuse.

7. *Judgments; Requisites; Prosecution.*—Under section 7635, Code 1907, a judgment of conviction of a violation of the prohibition law should show the amount of the costs, and the number of days hard labor imposed for the payment thereof at the rate of seventy-five cents per day.

Appeal from Anniston City Court.

Heard before Hon. Thomas W. Coleman, Jr.

J. W. Loudermilk was convicted of violating the prohibition laws, and he appeals. Partly affirmed and partly reversed and remanded.

The following is the substance of the different counts of the indictment:

Count 1: "Sold spirituous, vinous, or malt liquors without license and contrary to law." Count 2: "Did manufacture, sell, offer for sale keep or have in possession for sale, barter, exchange, give away, or furnish at a public place spirituous, vinous, or malt liquors without licenses and contrary to law." Count 3: "Sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors contrary to law." Counts 4 and 5: Same as third, each count alleging that J. W. Loudermilk, whose Christian name is to the grand jury otherwise unknown, did the things charged.

TATE & WALKER, for appellant. The court erred in refusing to let it be shown by a witness how much beer a man could drink in a day.—17 Cyc. 97; *Bir. Fur. Co. v. Gross,* 97 Ala. 220; *Ala. S. & W. Co. v. Wrenn,* 136 Ala. 484; *Thornton v. State* 113 Ala. 46; *Mitchell v. The State,* 94 Ala. 72. The court should have confined the evidence to one particular sale.—*Wickard v. The State,* 109 Ala. 45; *Smith v. The State,* 52 Ala. 384; *McPherson v. The State,* 54 Ala. 221. The court should have permitted it to be shown that the witness applied to the defendant to buy beer, and that he refused to sell, and gave her some.—*Gregg's case,* 106 Ala. 44; *Payne's case,* 60 Ala. 80; *Smith's case,* 92 Ala. 69. The court erred in its oral charge.—*Benn v. The State,* .22 Ala. 9 Charge 1 should have been given.—*Grimes v. The State,* 86 Ala. 105; *Carter's case,* 103 Ala. 93.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The defendant could have been convicted under each count of the indictment if the evidence warranted it, and hence, there was no occasion for an election.—Section 30, Acts

1909, p. 91.    Counsel discuss other assignments of er-
ror, but without citation of authority.

PELHAM, J.—The appellant, being the defendant
below, was convicted for violating the prohibition laws.
The defendant was a married man, who lived with his
family at a different location from the place where he
was found by the officers who made a search, and found
him in charge of a room shown to have in it a bed and an
ice box containing a quantity of ice and between 85 and
90 bottles of beer.    In an unoccupied adjoining room
there were some 50 empty beer bottles.    The appellant
testified that he was occupying the room as a private
bedroom during the absence of his wife on a visit.

The state examined one Will Pruett, who was present
at the time the officers searched the premises, and this
witness testified that he was making a social call on the
defendant at the time the officers found him there, and
had helped himself to a bottle of beer from the defend-
ant's ice box, and drank it without having been invited
to do so.    The state subsequently examined a Mrs.
Harry Rosen, who testified to having made two pur-
chases of beer in bottles from the defendant at a differ-
ent time from the occasion when the search was made.
The defendant contends that the testimony offered in
behalf of the state by the witness Pruett was an election
by the state to prosecute for an alleged sale or disposi-
tion to Pruett on the time and occasion testified to by
him.

The indictment contained five counts (the reporter
will set out the substance of the different counts of the
indictment), and the state was not required to elect to
prosecute for any one certain offense under any partic-
ular count of the indictment, but might prosecute for as
many offenses as were charged by the different counts

of the indictment, and it was proper for the court to charge the jury in its oral charge that they could find the defendant guilty under more than one count of the indictment if the evidence justified such finding. Several offenses or charges for violating the prohibition laws may be set out in separate counts of the same indictment, and the accused may be convicted upon each one as upon separate indictments.—Acts 1909, p. 91,§ 30; *Untreinor v. State,* 146 Ala. 133, 41 South. 170.

The defendant offered to prove on cross-examination by two of the state's witnesses that "a man could drink a dozen and a half or two dozen bottles of beer in a day," and that it was not unusual for a beer drinker to consume two dozen bottles of beer in a day, and excepted to the action of the court in refusing to allow such proof to be made against the objection of the state's counsel. The court committed no error in refusing to allow this proof to be made. It is a matter of common knowledge that different persons have different capacities for consumption of such beverages, and the defendant's capacity in that particular, if relevant for the purpose of explaining the quantity of beer found by the officers in making a search of the defendant's room, was shown to be unknown to the witnesses by whom the defendant offered to make this proof; and the defendant was allowed, when being examined as a witness in his own behalf, to testify, without objection, to his accomplishment as a beer drinker, and stated that he could drink a couple of dozen bottles of beer a day, and this evidence was before the jury without challenge or contradiction by other testimony. The varying capacities of different persons as beer drinkers was not an issue in the case, and was not a proper subject of inquiry or proof.

It was not improper to allow the official court reporter to read over from his trial notes the question pro-

pounded to and the answer made by a witness for the purpose of refreshing the recollection of the solicitor. The court stated that the reporter's reading of the question and answer was not to be considered as evidence by the jury, but was only for the information of the solicitor. While the principal purpose in providing for a stenographic report of the evidence given on a trial by an official reporter is to preserve an accurate record of the testimony of the witnesses for subsequent proceedings, there can be no objection to the court's permitting the use of the notes thus taken for convenient reference of counsel during the trial for the purpose of refreshing the memory.

Whether or not the witness Mrs. Rosen had in the previous year to the time of the commission of the offense endeavored to buy beer from the defendant and he had refused to sell it to her, but gave to her some beer, was entirely immaterial to the issues before the court. It was within the exercise of a proper discretion by the court to refuse to allow the defendant to prolong the cross-examination of this witness after she had been examined on direct cross, and redirect examination by reexamining her on the same matters she had already testified to on direct, cross, and rebuttal examination.— *Braham v. State,* 143 Ala. 28, 38 South. 919; *Whatley v. State,* 144 Ala. 68, 39 South. 1014; *Cross v. State,* 147 Ala. 125, 41 South. 875.

Refused charge No. 1 is substantially covered by given charge B; and refused charge No. 2 is covered by given charges A, B, and C.

The judgment entry fails to set out the amount of the costs, but shows a sentence for a period of 186 days to pay costs of the prosecution at the rate of 40 cents a day. This is erroneous. The judgment should contain a statement of the amount of costs and the number of days'

punishment at hard work for the county in lieu of the payment of the costs, at the rate of 75 cents per day. The judgment of conviction and sentence in lieu of the payment of the fine and the additional period of 40 days added by the court as punishment is a correct judgment and that part of the judgment is affirmed, and the judgment for costs is reversed, and the case remanded that the court below may enter the proper judgment and sentence for costs.—Code 1907, § 7635; *Joe Barrentine v. State*, 3 Ala. App. 188, 57 South. 1025; *Dowling v. City of Troy*, 1 Ala. App. 508, 56 South. 116; *Evans v. State*, 109 Ala. 11, 19 South. 535; *Johnson v. State*, 94 Ala. 35, 10 South. 667; *Herrington v. State*, 87 Ala. 1, 5 South. 831; *Walker v. State*, 58 Ala. 393.

Affirmed in part, and reversed and remanded in part.