# Mobile & Ohio Railroad Co. *v.* Minor.

## *Injury to Stock.*

(Decided January 21, 1913.  Rehearing denied February 4, 1913.
60 South. 951.)

1. *Bill of Exceptions; Construction; Request.*—Where the bill of exceptions states that defendant requested the court to give "the following special charges in writing," it reasonably imports a request as a whole, and not separately.

2. *Trial; Request for Instructions; Bad in Part.*—Where the request for instructions is as a whole or in bulk, the court will not be put in error for refusing the same, if any one of the instructions is bad.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Thomas B. Minor against the Mobile & Ohio Railroad Company, for damages for injury to stock. Judgment for plaintiff and defendant appeals. Affirmed.

R. E. STEINER, LOGAN & LOGAN, and W. M. ADAMS, for appellant. In its original brief, appellant discusses the errors assigned with citation of authority, but in view of the opinion, it is not deemed necessary to here set them out. On application for rehearing, it is insisted that the bill of exceptions shows that the charges were separately and severally requested, and that as the verdict of the jury is plainly and palpably opposed to the evidence, the case should be reversed, for the failure of the court to grant a new trial.—*Wes. Ry. Co. v. Mutch,* 97 Ala. 194; *Bir. Elec. Ry. Co. v. City,* 108 Ala. 283.

THOMAS A. CURRY, for appellee. No brief reached the Reporter.

WALKER, P. J.—The principal claim made in the argument of the counsel for the appellant is that the judgment should be reversed because of alleged error in refusing to give written charges requested by it. In reference to the manner in which those charges were presented to the court, the bill of exceptions contains this statement: "At this junction in the proceedings, the above and foregoing being all the evidence in the case, the defendant requested the court to give to the jury the following special charges in writing; that is to say." Then follow six written charges. This recital reasonably imports that the six charges were requested, not separately, but as a whole.

This being true, if either of them was bad, the court is not chargeable with error for refusing the request as made.—*Yeats v. State,* 142 Ala. 58, 38 South. 760. One of the charges requested was the general affirmative charge in favor of the defendant. The testimony tending to prove that the defendant was free from negligence in the killing of the mule in question was that given by its own witnesses. As there was other testimony in the case which was at variance with their version of the occurrence, the refusal to give that charge was proper. It follows that the ruling made on the charges requested is not a ground of reversal.

We find no error in the ruling of the court in its action on the defendant's motion for a new trial.

Affirmed.