# Wright *v.* The State.

*Violating Prohibition Law.*

(Decided December 18, 1913.  64 South. 173.)

1. *Appeal and Error; Review; Finding of Trial Court.*—Where the verdict is supported by the direct testimony of a witness and by certain corroborations the finding is not unwarranted, although on cross-examination certain things were brought out which went to the weight or credibility of the testimony, as such matters did not affect the right of the court sitting as a jury to base its findings upon the truth of it.

2. *Judgment; Correction.*—A minute entry reciting a finding of guilt and defendant's failure to pay or confess judgment for the fine assessed against him at a former day of the term, and the sentence to hard labor for the fine and costs, would not necessarily refer to another and separate fine on the same finding of guilty in the absence of anything in the record to show the imposition of more than one fine.

3. *Criminal Law; Sentence; Form.*—A sentence to hard labor to pay the fine and costs at the rate of 75 cents per day which fails to find the number of days, was defective in failing to show that the court determined the time required to work out the costs as is required by section 7635, Code 1907.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Alf Wright was convicted of an unlawful sale of intoxicating liquors and he appeals. Affirmed in part, and in part reversed and remanded.

ACUFF & FINCH, for appellant. Punishment should not be by piecemeal.—*Newton v. Stae*, 94 Ala. 431; Sec. 22, Acts 1900-1, 117. The judgment was indefinite, and incorrect.—Sec. 7635, Code 1907; *Bradley v. Stae*, 69 Ala. 318. On the evidence the defendant should have been

discharged.—*DuBose v. State,* 28 South. 656; *Gillam v. State,* 71 Ala. 10; *Summers v. Stae,* 70 Ala. 16.

R. C. BRICKELL, Attorney General, for the State. Counsel discusses the errors insisted upon, but without citation of authority.

WALKER, P. J.—The finding of guilt made by the trial court sitting without a jury was supported by the direct testimony of one witness as to the sale of whisky to him by the defendant, and some corroboration of this testimony was furnished by that of other witnesses for the state. The circumstances brought out on the cross-examination of the principal witness for the state went to the credibility and weight of his testimony, and did not show the existence of a legal obstacle to the court's basing its finding upon the truth of it. It is not made to appear by the record that that finding was an unwarranted one.

The minute entry which discloses what was done by the court on July 7, 1913, after reciting the arraignment of the defendant, the entry of his plea of not guilty, the hearing and consideration by the court of the evidence offered by the state and the defense, a finding by the court that the defendant is guilty as charged in the indictment, the assessment against him of a fine of $50, and his failure to pay or confess judgment "for the fine of fifty dollars assessed against him at a former day of this term," shows that the court proceeded to sentence the defendant to perform hard labor for the county for a period of 20 days to pay the fine, that he perform additional hard labor for the county for a period of six months, and that he perform additional hard labor for the county for the payment of the costs of the prosecution. There is nothing elsewhere in the

[Wright v. The State.]

record to indicate that the court imposed any other fine than the one assessed on the day named in the heading of the minute entry just described. In view of this fact it is apparent that the mention of a fine assessed "at a former day of this term" did not refer to another and separate fine, but to the same one the assessment of which was recited in the preceding part of the same minute entry. The error in this recital is one which is corrected by what the record elsewhere shows and fails to show. The record as a whole does not show that the court assessed two fines on one finding of guilt or that the punishment imposed on the defendant was more than is authorized by the law. It is not made to appear that the court committed such an error.

The judgment appealed from is faulty in failing to show that the court determined the time required to work out the costs at the rate of 75 cents per day, the judgment as entered showing that the defendant was sentenced to perform hard labor "for——— days at the rate of 75 cents per day to pay the costs of the prosecution, amounting to———dollars."—Code, § 7635. This fault does not require a reversal of the judgment except as to the part of it imposing additional hard labor for the county to pay the costs of the prosecution. The result is that the judgment appealed from is affirmed except as to the part of it just mentioned, is reversed as to that part of it, and the cause is remanded to the end that the trial court may correct its judgment in the matter of the sentence of the defendant to perform hard labor to pay the costs of the prosecution.

Affirmed in part, reversed in part, and remanded.