# Woods v. The State.

## Sodomy.

(Decided January 2, 1914.   64 South. 508.)

1. *Sodomy; Indictment.*—An indictment charging that defendant, against the order of nature, attempted to carnally know a certain boy, was sufficient.

2. *Same; Offense.*—The provisions of section 6746, Code 1907, are broad enough in terms to embrace all unnatural carnal copulations, whether with man or beast, and extend to an attempt on the part

[Woods v. The State.]

of the defendant to have a boy named, take into his mouth the private parts of the defendant.

3. *Same; Misdemeanor.*—Under section 7622 an attempt to commit sodomy is a misdemeanor.

4. *Appeal and Error; Review; Failure to Identify Matter.*—Where the bill of exceptions states that before the jury retired defendant excepted to that portion of the court's oral charge in quotations and underscored, and there appeared in such bill nothing purporting to be a quotation from the charge which was underscored, the exception was not sufficiently identified to be availing.

5. *Charge of Court; Directing Verdict.*—Where there is some evidence to support a charge a defendant is not entitled to have a verdict directed for him.

6. *Same; Bad in Part.*—Where it appears that a request for five written charges was in bulk, and one of the charges was bad, they were all properly refused.

7. *Judgment; Costs; Amount of Compensation Per Day.*—Where punishment at hard labor for costs is imposed for want of security the time for performing such labor should be fixed at such a time as will be required to pay the same, at the rate of seventy-five cents per day, and a judgment not showing a finding of the time at that rate was erroneous, but will not work a reversal further than to the judgment, which will be remanded for the imposition of proper sentence and judgment.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Steve Woods, alias Andrew Jackson, was convicted of an attempt to carnally know a boy, and he appeals. Affirmed in part, and in part reversed and remanded.

The indictment is as follows, omitting formal parts: "Steve Woods, alias Andrew Jackson, whose name is otherwise unknown to the grand jury, against the order of nature, attempted to carnally know Oscar Kilgore, a boy."

The evidence tended to show an attempt on the part of the defendant to have the boy named in the indictment take into his mouth the private of the defendant. The charge referred to in the opinion is the affirmative charge to find the defendant not guilty.

FINCH & PENNINGTON, for appellant. Demurrers to the indictment should have been sustained—36 Cyc.

507; 20 Amer. St. Rep. 746. The evidence failed to make out the charge, and the defendant was entitled to the affirmative charge.—37 Amer. St. Rep. 833. Clark's Criminal Law, 367. The court erred in refusing charge 4.—20 Amer. St. Rep. 743.

ROBERT C. BRICKELL, Attorney General, for the State.

WALKER, P. J.—The indictment was sufficient.— *Bradford v. State,* 104 Ala. 68, 16 South. 107, 53 Am. St. Rep. 24.

The bill of exceptions, after setting out a part of the court's oral charge, states that "before the jury retired the defendant duly excepted to that portion of the oral charge in quotations and underscored." Nothing that purports to be a quotation from that charge is underscored in the bill of exceptions found in the record. The result is that the subject of the exception reserved is not identified. The record does not enable us to know to what part of the charge the exception was reserved. An exception is required to present for review on appeal a trial court's instruction to the jury, and the exception is unavailing if the ruling thereby sought to be made the subject of review is not by a bill of exceptions distinctly disclosed to the reviewing court.

The statute (Code, § 6746) which prescribes the punishment to be imposed upon "any person who commits a crime against nature, either with mankind or with beast," is broad enough in its terms to embrace all unnatural carnal copulations, whether with man or beast. —1 Hawkins, Pleas of the Crown, 357; *Honselman v. People,* 168 Ill. 172, 48 N. E. 304; *Herring v. State,* 119 Ga. 709, 46 S. E. 876. The method employed in the attempt of which there was evidence in this case was as much against the order of nature as any bestial or un-

[Woods v. The State.]

natural copulation that can be conceived. An attempt to commit the offense is a misdemeanor.—*Berdeaux v. Davis*, 58 Ala. 611; Code, § 7622. Evidence having been adduced which tended to prove that the defendant was guilty of such an attempt, written charge 1 requested by him was properly refused. The statement made in the bill of exceptions as to the request by the defendant that the court give five written charges, which are set out, imports that it was a single request that the five charges be given. It is not made to appear that either of those charges was separately requested. As one of them was bad, the court did not err in refusing the request as made.—*Yeats v. State*, 142 Ala. 58, 38 South. 760; *Mobile & Ohio R. Co. v. Minor*, 6 Ala. App. 633, 60 South. 951.

The record discloses no error affecting the judgment of conviction and the sentence to hard labor consequent upon the defendant's failure to pay the fine and to an additional term of hard labor as punishment for the offense, and the judgment is affirmed as to that part of it. As to its sentence of the defendant to hard labor for the payment of the costs, the judgment was erroneous because of its failure to show the court's determination of the time required to work out the costs at the statuory rate; and that part of the judgment is reversed, and the case is remanded in order that the trial court may enter the proper judgment and sentence as to the costs.— Code, § 7635; *Loudermilk v. State*, 4 Ala. App. 167, 58 South. 180.

Affirmed in part, reversed in part, and remanded.