# Tombigbee V. R. R. Co. *v.* Morris.

*Damage for Injury to Animal.*

(Decided April 14, 1914. 65 South. 207.)

1. *Railroads; Animals on Track; Pleading.*—It was proper to refuse to strike from the complaint the description of the locality of the alleged negligence which resulted in injury to the animal.

2. *Same; Complaint; Sufficiency.*—A complaint charging that by the negligent operation of the company's train, plaintiff's mare was so frightened that she was caused to run into a trestle, whereby she was so crippled that she died, sufficiently shows fright due to

[Tombîgbee V. R. R. Co. v. Morris.]

the operation of a train in an unusual manner, and charges actionable negligence.

3. *Same; Liability; Statutory Provision.*—Section 5476, Code 1907, does not impose on a railroad company the liability of a carrier or other contract obligation, but as to animals, on or dangerously close to the track, it only owes the duty to comply with the statutory requirements, and to be free from negligence, and where the killing of an animal by the company was not due to negligence or to a failure to comply with the statutory requirements, the mere fact that it might have avoided the accident by greater skill in the operation of its train, does not render it liable, and the complaint alleging negligence or want of skill in the management or running of the train is defective, since it may be sustained without proving any negligence, or any failure to comply with statutory requirements.

4. *Appeal and Error; Exceptions Good in Part.*—Where the exception reserved to the refusal of charges are to them as a whole and not separately, the court will not be charged with error if any of the instructions were properly refused.

APPEAL from Choctaw Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by W. J. Morris against the Tombigbee Valley Railroad Company, for damages for killing a mare. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TURNER, WILSON & TUCKER, for appellant. The complaint does not allege a failure of the engineer to comply with the requirements of section 5473, Code 1907, and hence, the averments that the injury complained of occurred within a quarter of a mile of a public road crossing tends to confuse the issues and misplace the burden of proof.—*Wes. Ry. v. McPherson*, 3 Ala. App. 380. Counts 2 and 3 were subject to the demurrers interposed.—*H. A. & B. R. R. Co. v. Dusenberry*, 94 Ala. 416. Count 5 was insufficient.—*N. C. & St. L. v. Garth*, 59 South. 640. The defendant was entitled to the general affirmative charge under count 5.—*N. C. & St. L. v. Garth, supra; Stanton v. L. & N.*, 8 South. 798. Counsel discuss other charges refused, but without citation of authority.

GEORGE E. McGOWAN, for appellee. No brief reached the Reporter.

WALKER, P. J.—Counts 1 and 4 of the complaint attribute the death of the plaintiff's mare to the negligence of the defendant, its agents, servants, or employees, in the operation of its locomotive train, or cars. They were not subject to the demurrers interposed to them. The averment of the first count against which the motion to strike was directed was descriptive of the locality of the alleged wrong, and there was no impropriety in the action of the court in refusing to strike that averment.

The fifth count plainly alleged that by the careless and negligent running or operating of the defendant's locomotive, train, or cars the plaintiff's mare was frightened and caused to run into a trestle, whereby it was so crippled or injured that it died. These averments negative the conclusion that the frightening of the animal was due to the operation of the train in the usual manner, and sufficiently show actionable negligence.— *Nashville, Chattanooga & St. Louis Ry. v. Garth,* 179 Ala. 127, 59 South. 640, 46 L. R. A. (N. S.) 430.

In counts 2 and 3 of the complaint the killing of the mare was attributed to "the negligence or want of skill of defendant's agents or employees in the management or running of its locomotive, train or cars." One of the charges made in the alternative in each of these counts could be sustained without proving any negligence or any failure to comply with any statutory requirements, and though such negligence and failure to comply with the statute was disproved. All that was required to sustain each of these counts was proof that some want of skill on the part of defendant's agents or employees in the management or running of its loco-

motive proximately contributed to the injury complain-
ed of. The provision of section 5476 of the Code makes
a railroad company "liable for all damages done to per-
sons, or to stock or other property, resulting from a
failure to comply with the requirements of the three
preceding sections, or any negligence on the part of the
company or its agents." The concluding paragraph of
this section indicates the absence of a purpose to im-
pose upon a railroad company liability for such an in-
jury as is here referred to, if it shows "a compliance
with the requirements of such sections, and that there
was no negligence on the part of the company or its
agents." The presence of persons or animals upon or
in dangerous proximity to a railroad track does not im-
pose upon the company the liability of a carrier or other
contract obligation. The duty which it owes with ref-
erence to persons or animals so situated is to comply
with the applicable requirements of the statute, and not
to be guilty of negligence.—*Nashville & Decatur R. Co.
v. Comans,* 45 Ala. 437; *Mobile & Ohio R. Co. v. Malone,*
46 Ala. 391. If the killing of the plaintiff's mare was
not due to the negligence of any one or to any failure
to comply with any statutory requirement, the mere
fact that it might have been avoided by the exercise
of greater skill in the operation of the engine or train
is not enough to render the defendant liable. With
reference to the owner of an animal on or near a rail-
road track the company is not an insurer of the skill of
its employees. It shows a performance of the duty it
owes with reference to such an animal when it proves
a compliance with the statutory requirements applica-
ble to the situation and that there was no negligence on
the part of itself or its agents. Each of the two counts
last mentioned is open to the criticism that it seeks to
charge the defendant with liability for a mere lack of

skill of an employee on the occasion of the killing of the mare. Such a lack of skill, unaccompanied by negligence or a failure to comply with any statutory requirement, is not a default which subjects the defendant to liability for the injury complained of. This defect in counts 2 and 3 was pointed out by the demurrers to them, and those demurrers should have been sustained.

The statement of the bill of exceptions as to the defendant's request that the court give written charges 1, 2, 3, 4, 5, and 6 imports that they were requested, not separately, but all together. This being true, if either of the charges could properly have been refused, the court is not chargeable with error for refusing the request as made.—*Mobile & Ohio R. R. Co. v. Minor,* 6 Ala. App. 633, 60 South. 951. The defendant was not entitled to the affirmative charges requested in its behalf as to counts 1 and 4 of the complaint. There was evidence tending to rebut the showing made as to freedom from negligence in the killing of the mare. It follows that the court is not chargeable with error for its ruling on the request as made.

Reversed and remanded.