# Kirkland *v.* The State.

*Gaming.*

(Decided April 13, 1915.   668 South. 518.)

*Criminal Law; Judgment and Sentence; Time.*—Where the only error apparent on the record is the failure of the judgment to set out the number of days required to work out the cost at 75 cents per day, and the amount of the cost, the cause would be affirmed except as to the cost, and will be remanded to the court to enter proper judgment, under the provisions of section 7635, Code 1907.

[Kirkland v. The State.]

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

Bry Kirkland was convicted of retailing and he appeals. Affirmed in part, and in part reversed and remanded.

PARTRIDGE & HOBBS, for appellant. No brief reached the Reporter.

WILLIAM L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State. The only error is in the failure of the judgment to set out the amount of the cost and ascertain the number of days to work it out at 75c per day. This being true the cause will be affirmed, except as to the judgment, and will be reversed only as to the judgment, and remanded for proper sentence.—*Woods v. The State,* 10 Ala. App. 96.

THOMAS, J.—The judgment entry is erroneous in that it fails to set out either the amount of costs or the number of days required to work out the costs at the rate of 75 cents per day.

This being the only error in the record, the judgment of conviction and the sentence are in all things affirmed, except as to the costs. To this extent the judgment and sentence are reversed in order that the trial court may enter up proper judgment and sentence as to the costs in conformity with the requirements of section 7635 of the Code.—*Loudermilk v. State,* 4 Ala. App. 167, 58 South. 180; *Woods v. State,* 10 Ala. App. 96, 64 South. 508; *Evans' Case,* 109 Ala. 11, 19 South. 535.

Affirmed in part, reversed in part, and remanded