**TUGGLE v. STATE.** (6 Div. 272.)

(Court of Appeals of Alabama. Jan. 15, 1924.)

1. **Criminal law ⊜═753(2)—Affirmative charge properly refused where evidence conflicting.**

In prosecution for violation of the prohibition law, where evidence was in conflict, the refusal of defendant's affirmative charge was not error.

2. **Criminal law ⊜═759(1)—Requested charge that justice demanded jury adopt theory consistent with defendant's innocence held invasive of jury's province.**

A requested charge that, if there were two theories in the case, one consistent with guilt

and the other equally consistent with innocence, and both supported by evidence, justice and humanity demanded that the theory consistent with innocence be adopted, was invasive of jury's province, and did not properly state law.

**3. Criminal law ☜759(1)—Requested charge that jury adopt particular theory held invasive of jury's province.**

Defendant's requested charge that, if there were two theories in the case, one consistent with defendant's innocence and the other consistent with guilt of some other person, and the jury could reconcile the evidence by adopting that theory consistent with defendant's innocence, then to acquit by adopting it, was invasive of jury's province, and did not properly state the law.

**4. Criminal law ☜829(1)—Refusal of requested charges properly covered by oral charge not error.**

Refusal of requested charges, which were fairly and substantially covered in oral charge of the court and other charges given, was not error.

**5. Criminal law ☜807(1)—Requested charge held argumentative.**

Requested charge that, if two persons were shown to have equal opportunity to commit an alleged offense, and but one of them was charged therewith, then the state did not make out a case against defendant so charged, was argumentative, and its refusal was not error.

**6. Criminal law ☜995(4)—Judgment entry failing to set out amount of costs against defendant erroneous.**

Judgment entry on conviction of violation of prohibition law, *held* erroneous, in that it failed to set out the amount of costs chargeable against defendant or the number of days required to work out the costs at the rate of 75 cents per day, but not bad because it did not state where or for whom he was to work, in view of Code 1907, §§ 7620, 7635.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Lawrence Tuggle was convicted of a violation of the prohibition law, and appeals. Affirmed in part, reversed in part, and remanded.

Requested charges 1, 2, and 10, refused to defendant, are as follows:

"(1) The court charges the jury that, if there are two theories in this case, one theory consistent with the guilt of the defendant, and the other theory equally consistent with his innocence, and both supported by the evidence in this case, justice and humanity alike demand that the jury should adopt that theory which is consistent with the innocence of the defendant.

"(2) The court charges the jury that, if there are two theories in this case, and one theory is consistent with the defendant's innocence, and the other theory is consistent with the guilt of some other person, and the jury can reconcile the evidence by adopting that theory which is consistent with the defendant's innocence, the jury should acquit the defendant by adopting that theory."

"(10) The court charges the jury that, if two persons are shown to have equal opportunity to commit an alleged offense, and but one of them be charged with the commission of said offense, then the state does not make out a case against the defendant so charged."

The following is the sentence of the court:

"The defendant being asked if he has anything to say why the sentence of the law should not now be pronounced on him says nothing. It is therefore the order and judgment of the court and sentence of the law that the defendant be imprisoned at hard labor for a period of six months, with 20 days additional for fine together with as much additional time as is necessary to pay the costs in this behalf expended at the rate of 75 cents per day."

J. B. Powell, of Jasper, for appellant.

It is necessary that the judgment entry show the number of days required to be worked by the defendant to pay costs, and that it be shown for whom the labor is to be performed. Barrentine v. State, 3 Ala. App. 188, 57 South. 1025; Code 1907, § 7635; Herrington v. State, 87 Ala. 1, 5 South. 831; Evans v. State, 109 Ala. 11, 19 South. 535; Johnson v. State, 94 Ala. 35, 10 South. 667. Charge 10 was a correct statement of the law, and should have been given. Compton v. State, 110 Ala. 24, 20 South. 119.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

Charges 1 and 2 invade the province of the jury. Lee v. State, 18 Ala. App. 566, 93 South. 59. Charge 10 was well refused. A hard labor sentence, if for less than 12 months should be for the county. If there is error in the sentence, it will be corrected and the case affirmed. Code 1907, § 7620; Johnson v. State, 94 Ala. 35, 10 South. 667.

BRICKEN, P. J. A prosecution against this defendant for the offense of unlawfully possessing prohibited liquor was instituted in the county court of Walker county, upon the affidavit and warrant sworn out by one John Guttery. From a judgment of conviction in the county court he appealed to the circuit court, and was there tried and convicted upon a complaint filed by the solicitor charging the same offense.

During the progress of this trial in the circuit court no exception was reserved to any ruling of the court except as to the refusal of several special written charges.

[1] Refused charges 7 and 8 were the affirmative charges in behalf of appellant. These charges were properly refused, as the evidence was in conflict, and therefore presented a jury question.

[2, 3] Charges 1 and 2, refused to defendant, were invasive of the province of the

jury. They do not properly state the law. Davis v. State (Ala. App.) 96 South. 369,[1] and cases cited; Ex parte Davis, 209 Ala. 367, 96 South. 370.

[4, 5] Charges 3, 4, 5, and 6 were fairly and substantially covered by the oral charge of the court, and also by given charges 4, 11 and 12. Refused charge 10 was argumentative, and was properly refused.

No error of a reversible nature appearing, the judgment of conviction will stand affirmed.

[6] The judgment entry as to the sentence is erroneous, in that it fails to set out the amount of the costs chargeable against the defendant, and also fails to state the number of days required to work out the cost at the rate of 75 cents per day. There is nothing in the contention that the judgment entry fails also to state where or for whom the defendant is to work. Section 7620 of the Code will control as to these questions.

From what has been said the judgment as to sentence must be reversed and remanded in order that the trial court may enter a proper judgment and sentence as to the costs in conformity with the requirements of sections 7635 and 7620 of the Code 1907. Kirkland v. State, 12 Ala. App. 204, 68 South. 518; Woods v. State; 10 Ala. App. 96, 64 South. 508; Wright v. State, 9 Ala. App. 79, 64 South. 173; Barrentine v. State, 3 Ala. App. 188, 57 South. 1025.

Affirmed in part, reversed in part, and remanded.