(116 So. 512)

**HILL v. STATE.** (4 Div. 333.)

Court of Appeals of Alabama. Nov. 29, 1927.

Rehearing Denied Jan. 10, 1928.

J. C. Fleming and J. N. Ham, both of Elba, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of assault and battery, committed upon the person of one Kelley. We find, after a critical examination, no reversible error in the record. It should have been shown that the time of the examination of the assaulted person's body by the physician bore a reasonable relation to the time of the assault before allowing the physician to testify as to wounds and bruises observed by him. However, it appears that the physician's testimony was merely cumulative of that of the said assaulted party's and a reading of the entire record, in connection with the smallness of the punishment meted out to appellant, convinces us that he was not prejudiced by the admission of this testimony, and we will not reverse the judgment on account of its admission. Supreme Court rule 45.

The judgment is affirmed.

Affirmed.

---

(115 So. 72)

**THOMPSON v. STATE.** (1 Div. 730.)

Court of Appeals of Alabama. Jan. 10, 1928.

Tisdale J. Touart, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

No briefs reached the Reporter.

SAMFORD, J. ██ But two exceptions are reserved for review, and they relate to the oral charge of the court. A defendant may be an accessory to the possession of a still, just as he may be an accessory to any other crime, and if one is in possession of a still, and is aided and abetted by another, both are equally guilty. The court's charge was free from error, and, there being no error apparent on the trial, the judgment of conviction is affirmed.

██ The sentence is indefinite, and therefore the cause is remanded to the circuit court for proper sentence. Tuggle v. State, 19 Ala. App. 539, 98 So. 700.

Affirmed, and remanded for sentence.