173 So. 617

## McINTOSH v. STATE.
### 4 Div. 282.

Court of Appeals of Alabama.
Dec. 15, 1936.

Rehearing Denied Jan. 12, 1937.

Affirmed on Mandate ·April 6, 1937.

Harry Adams, of Enterprise, for appellant.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment preferred by the grand jury against the appellant was evidently as for a violation of section 48 of an act, approved August 23, 1927; General Acts of Alabama 1927, pp. 363, 365, § 48, which act is entitled, "Rules of the Road." Said indictment, omitting its formal parts, reads as follows: "Roy McIntosh, whose name is to the grand jury otherwise unknown, while under the influence of intoxicating liquor, or narcotic drugs, did drive a vehicle, to wit, an automobile, upon a highway in Coffee county, Ala.," etc.

There appears to have been no exceptions to the court's rulings upon the trial. The affirmative charge was refused to defendant, and properly so, as the evidence adduced upon the trial as to the guilt or innocence of the defendant was in sharp conflict, therefore presenting a jury question and the trial court correctly held that said charge was not in point.

The trial in the circuit court resulted in the conviction of the accused and the jury returned this verdict: "We the jury find the defendant guilty as charged and assess a fine of one hundred dollars." The defendant failing to pay the fine and cost was sentenced by the court to hard labor for the county for a period of 30 days to pay the fine. We are of the opinion that the court had authority to sentence the defendant to 30 days hard labor to pay the fine of $100 assessed by the jury under the provisions of the general statute, section 5290 of the Code 1923. Likewise we are of the opinion, under the same section of the Code, supra, that upon the failure of the defendant to pay the costs or to confess judgment therefor, the court had the authority to ascertain the amount of said cost and to sentence the defendant to serve an additional length of time, not exceeding 10 months, at hard labor for the county to pay the costs at the rate of 75 cents per day. Section 5291, Code 1923. However, in this event, the court must determine the time required to work out such costs at that rate. In other words, the judgment in this event should specify the precise amount of the costs, and also should definitely specify the number of days the defendant is to serve to pay the costs and the sum allowed for each days work. In this connection the judgment entry, as shown by the record, is faulty in failing to show that the court complied with the foregoing, as the court did not determine the amount of the costs nor the time required to work out the costs at the rate of 75 cents per day. The judgment, pertaining to this matter, as here appears is as follows:

"It is therefore considered, ordered and adjudged by the Court and is the judgment and sentence of the Court, that the defendant Roy McIntosh, be, and he hereby is sentenced to hard labor for the County of Coffee for a period of 30 days to pay the fine and ——— days to pay the costs at 75 cents per day, and is further sentenced to 3 months additional hard labor as punishment by the Court."

From what has been said, we are of the opinion that the judgment of the court determining the guilt of the defendant and the sentence to hard labor for 30 days on default in payment of the fine is affirmed. But in order that the court below may properly specify in the judgment the amount of costs, number of days, and the sum allowed for each day, and pronounce the proper sentence of hard labor imposed, as hereinabove indicated the case is hereby remanded. Tuggle v. State, 19 Ala.App. 539, 98 So. 700, and cases cited. The judgment of the court, in accordance with the foregoing order, must be limited to the proper period of time at hard labor to pay the fine and costs. That portion of the judgment, supra, to wit, "and is further sentenced to three months additional hard labor as punishment by the court," was unauthorized and abortive. Under the statute involved, and for the violation of which this appellant was convicted, there is no provision authorizing the court to impose hard labor upon the defendant when it affirmatively appears to be his first offense of violating said statute. The only punishment prescribed for the first offense is imprisonment in the county or municipal jail for not less than 30 days nor more than 1 year, or by fine of not less than $100 nor more than $1,000 or by both such fine and imprisonment. On a second or subsequent conviction the punishment is by imprisonment at hard labor for not less than 90 days, nor more than 1 year, etc. The statute in question reads as follows:

"It shall be unlawful for any person whether licensed or not who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or

narcotic drugs to drive any vehicle upon any highway within this State; and upon conviction, shall be punished by imprisonment in the county or municipal jail for not less than thirty days nor more than one year or by fine of not less than one hundred dollars nor more than one thousand dollars or by both such fine and imprisonment. On a second or subsequent conviction he shall be punished by imprisonment at hard labor for not less than ninety days nor more than one year, and in the discretion of the court a fine of not less than two hundred dollars, nor more than one thousand dollars and the court shall prohibit the person so convicted from driving a motor vehicle upon the public highways of this State for a period of not exceeding one year." Acts 1927, p. 365, § 48.

The judgment of conviction will stand affirmed. Cause remanded for proper sentence.

Affirmed in part; remanded for proper sentence.

PER CURIAM.

Affirmed upon authority and in accordance with McIntosh v. State, 234 Ala. 16, 173 So. 619.