25 So.2d 183

## OLIVER v. STATE.

### 8 Div. 488.

Court of Appeals of Alabama.

Feb. 19, 1946.

Rehearing Denied March 5, 1946.

H. H. Hamilton, of Russellville, for appellant.

Wm. N. McQueen, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appeal is from a judgment of conviction for the violation of the Statute, Title 36, Section 2, Code 1940, the pertinent part of said Statute is as follows: "It shall be unlawful for any person * * * who is intoxicated, to drive any motor vehicle upon any highway of this state, and upon conviction shall be punished by imprisonment in the county or municipal jail for not more than one year or by fine of not less than one hundred dollars nor more than one thousand dollars or by both such fine and imprisonment in the discretion of the court trying the cause * * *."

The evidence adduced upon the trial in the court below was in sharp conflict.

Whether the accused was guilty of driving an automobile on the public highway while under the influence of intoxicating liquors was for the jury. McMurry v. State, 28 Ala.App. 253, 184 So. 42.

Evidence, being in conflict, in prosecution for driving an automobile on public highway while under the influence of intoxicating liquors is question for jury. McIntosh v. State, 27 Ala.App. 411, 173 So. 617; Phillips v. State, 25 Ala.App. 286, 145 So. 169.

The evidence established in the trial of this cause amply supported the verdict of the jury. We are of the opinion that reversible error nowhere appears in the rulings of the court or in the conduct of the trial.

Further discussion is not deemed necessary.

Affirmed.