84 So.2d 658

**Donald Wade STEWART**

v.

**STATE.**

4 Div. 283.

Court of Appeals of Alabama.

Nov. 1, 1955.

Rehearing Denied Nov. 22, 1955.

E. C. Orme, Troy, for appellant.

John Patterson, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

BONE, Judge.

Appellant was tried under an indictment charging that he carnally knew one Janice Turner, a girl over twelve and under sixteen years of age. The jury returned a verdict of guilty and fixed his punishment at two years in the penitentiary. Appellant made a motion for a new trial, which was denied; hence this appeal.

Testimony adduced at the trial, on behalf of the State, tended to show that on a Tuesday night in May, 1954, the prosecutrix left her home accompanied by Billy Rushing and Ray Rushing. The prosecutrix was fourteen years of age at the time. These three departed from the home of the prosecutrix about 7:30 or 7:45 on the night in question. About four miles from the home of the prosecutrix, and about fifteen minutes after the departure from her home, she saw two men standing on the side of the road, who were later identified as the appellant and Olan Rushing. Billy Rushing stopped the car in which they were riding and the appellant and Olan Rushing got into the car. Appellant gave his name as Bill McBryde and Olan Rushing gave his name as Phillips.

Billy Rushing, Ray Rushing, and Janice Turner were in the front seat of the car, and the appellant and Olan Rushing were in the back seat. They traveled to Spring Hill where they bought a case of beer, and from there they went to Walnut Creek, where everyone alighted from the car except Billy Rushing and the prosecutrix. There was some evidence that Billy Rushing was trying to force the prosecutrix to drink beer at various points between Spring Hill and Walnut Creek.

When the party arrived at Walnut Creek, the prosecutrix remained in the car with Billy Rushing from five to twenty minutes, during which time she did not know where the other three boys were. Billy Rushing tried to kiss her and hug her during this time. She testified that she was scream-

ing and crying most of the time. Then appellant and Olan Rushing returned to the car, and they separately got in the car and stayed with her about twenty minutes each, during which time Billy Rushing had gone down to the creek. Olan Rushing got into the car first and pushed the prosecutrix under the steering wheel, pulled up her dress and wrestled with her. He succeeded in getting her pants half way down, but was kicked and resisted by prosecutrix.

Olan Rushing got out of the automobile and prosecutrix got out and ran around the car. She heard the appellant say: "You mean she is that big of a hell cat? If you can't do anything with her I can." She continued running around the car until she stumbled and the appellant picked her up and forced her in the back seat of the car with her head up against the window and put his arm around her neck and tried choking her. She was screaming at that time. Appellant pulled her down, pulled her dress up, got her pants down, hit her on the head; and she bit him. He then attempted to have sexual intercourse with her and there was a half way penetration. She kicked the appellant and he released her. She then asked to be taken home.

All of the group left Walnut Creek together and went to the Rushings' house where the Rushing boys got out. Appellant then took prosecutrix home. The prosecutrix was allowed to testify, over appellant's objections, that on the way home appellant "stopped side of the road and tried to again." It was shown that this was on the same night and that she was with appellant all of the time from the time he forced her into the automobile at Walnut Creek until he arrived at her home about 10:30.

Dr. J. H. Colley examined prosecutrix on May 27, 1954 and found bruises and scratches on her body and some damage to her female organs. He testified that the damage could have been done by fingers or thumbs.

Against this evidence, the testimony for the appellant tended to show that he left his home on the night in question in company with Olan, Billy, and Ray Rushing. They were traveling in appellant's automobile and carried with them a flashlight and a gig. They returned home about 10:30 on the same night with two fish about six or seven inches long. The journey taken on the night in question was practically the same as that adduced by testimony for the State. Defense witnesses testified that eight cans of beer were bought on this night and drunk by the parties.

Appellant, testifying in his own behalf, stated that after they got to Walnut Creek he, Ray Rushing, and Olan Rushing got out of the car and went down to the bank and gigged for fish. He did not know whether anybody was in the car or not at the time and did not see the prosecutrix run around the car. He later went up to the car and prosecutrix was in the car. She was crying at the time but did not state why she was crying. He testified that he did not do anything to her, that she continued to cry, and he tried to put his arms around her once or twice but she fought him. When she fought him he left her alone. He denied any statements by him concerning "finishing the job." Prosecutrix asked appellant to take her home, and he did.

It was shown that appellant's wife, mother, and father visited the prosecutrix on Thursday afternoon after the alleged incident. Neither prosecutrix' mother nor father was present at the time of the visit. Testimony was to the effect that on this occasion prosecutrix stated that she was glad that appellant took her home; that she did not know how she would have gotten home if he had not brought her; and that he had not bothered her in any way on the night in question. Prosecutrix was dressed at the time of this visit in a flimsy, round-necked dress and none of the visitors noticed any bruises on her shoulders, or scratches, and she said nothing to them about mistreatment by appellant.

Appellant's principal insistence of error is the court's action in overruling his objections to questions propounded to the prosecutrix by the solicitor seeking to elicit testimony that appellant stopped beside the

road on the way home and tried to make her have intercourse with him.

In support of this contention appellant asserts the well established rule that each act of carnal knowledge of a girl over twelve and under sixteen years of age is a separate and distinct crime, and thus that the court had admitted evidence of a separate offense.

■ Assuming, but without deciding, that the facts as testified to by the prosecutrix constituted evidence of a separate and distinct crime, we are of the opinion that the admission was not error.

Decisions of this court and of the Supreme Court have approved the admission of evidence of other offenses when such evidence has probative value relative to intent, motive, scienter, and identity, provided not too remotely connected in point of time to the alleged act on which the prosecution is based. Daniels v. State, 243 Ala. 675, 11 So.2d 756; Robinson v. State, 243 Ala. 684, 11 So.2d 732; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Harrison v. State, 235 Ala. 1, 178 So. 458.

It is to be noted that in the instant case the evidence purporting to pertain to a second offense was evidence of an act taking place on the same night of the alleged offense on which the prosecution is based, and at a point not far removed from the scene of the alleged offense. Prosecutrix and appellant were together during all this time.

■■ Appellant insists that the verdict is unsupported by the evidence and that the verdict is contrary to the evidence. It will suffice to say that the trial court will be reversed on these grounds only when, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738. We are clear to the conclusion that the verdict in the instant case is amply supported by the evidence.

We have carefully considered the record as a whole, as we are required to do, and find no error.

The judgment of the lower court is ordered affirmed.

Affirmed.

.On Rehearing

BONE, Judge.

On application for rehearing counsel for the appellant requests that we extend the opinion. This, of course, we are glad to do.

There was only one count in the indictment.

The evidence tended to show also that the prosecutrix was not examined by a doctor until two days after the alleged offense.

Opinion extended.

Application for rehearing overruled.