273 So.2d 249

**Willie HORN**

v.

**STATE.**

**1 Div. 244.**

Court of Criminal Appeals of Alabama.

Feb. 6, 1973.

Delano J. Palughi, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Samuel L. Adams, Asst. Atty. Gen., for the State.

DAN BOYD, Circuit Judge.

This appeal is from a conviction in the Circuit Court of Mobile County, for the crime against nature on a ten year old boy, and sentence of ten years in the penitentiary. Title 14, § 106, Code of Alabama 1940, Recompiled, 1958.

The indictment is in Code form. Bradford v. State, 104 Ala. 68, 16 So. 107; Woods v. State, 10 Ala.App. 96, 64 So. 508. Appellant's pleas were not guilty and not guilty by reason of insanity.

There was no motion to exclude the State's evidence, no request for the affirmative, or any other special, charge, and no motion for a new trial, and no exception to the trial judge's oral charge to the jury.

I

A ten year old boy, alleged to be the victim, testified for the State that in April, 1971, as he was returning home in late afternoon and passing where appellant stayed, appellant asked him if he wanted to make some money. Appellant stated he would give the boy some money to go get a dog. He accompanied appellant to get a dog, and upon returning they went a pass-way or short-cut where there were trees and bushes. There the appellant threw him onto the ground, threatened him if he told, snatched off his clothes, and committed acts then and there of the alleged offense. This boy further testified that he went home and told his mother, and the next morning, she took him to a doctor who put some salve on him and told him to gargle.

The mother testified for the State that her boy told her something had happened to him. His clothes were torn, his throat appeared to have been choked, his back hit hard, and his rectum was bleeding a little. She further testified she called for a doctor but he had gone home, and that she did take him to a doctor the next morning.

A police officer testified for the State that he went to the boy's home in response to a radio call, saw the boy and that his clothes were torn. The boy accompanied him to where appellant stayed, and the officer, talked with appellant, away from the boy, but that no arrest was made because there was no warrant. No details of the officer's talk with appellant were put in evidence.

The appellant testified that at the time material he was drinking whiskey, and that the boy did accompany him to get a dog. He stated he did not do anything to the boy, and that they parted on a public street. Appellant further testified on direct and cross-examination relative to a number of other charges against him in various places. There is some implication from his testimony that he left this state for at least some time in the interim be-

tween the alleged offense and his apprehension.

## II

First considered is appellant's claim of error, numbered 2, that the statute upon which the indictment was returned is unconstitutional as being too vague and indefinite.

We are cited to the cases of Kahalley v. State, 254 Ala. 482, 48 So.2d 794 and Bolin v. State, 266 Ala. 256, 96 So.2d 582, and to Article 1, § 6 Alabama Constitution and the XIV Amendment of the United States Constitution. Appellant's contention is that the statute, Title 14, § 106, Code of Alabama 1940, Recompiled, 1958, is too vague and indefinite to apprise appellant of what he is charged. The cited cases treat statutes creating crimes unknown to the common law or ineffectively defining the common law.

The statute here questioned only fixes the punishment for crime against nature, a criminal offense recognized as against human morality and to apply to carnal copulation contrary to nature by the common law and anciently. We adopted the England common law. Title 1, § 3, Code of Alabama 1940, Recompiled, 1958. Johnson v. State, 18 Ala.App. 70, 88 So. 348. Public and legal history is replete with knowledge of this criminal offense. It is characterized as abominable, detestable, unmentionable, and too disgusting and well known to require other definition or further details or description. Boyington v. State, 45 Ala.App. 176, 227 So.2d 807.

We hold that this statute, merely fixing punishment for such a well known common law criminal offense, does not alter the England common law, and is not inconsistent with our constitution, Article I, § 6, or the XIV Amendment of the United States Constitution.

## III

Appellant's claimed error, numbered 1, asserts that there is no evidence of a crime as charged in the indictment.

We are cited to appellant's Propositions of Law I to V inclusive of well documented law applicable to all criminal prosecutions, the corpus delicti, burden and measure of proof. The six cases listed are supportive, respectively, of such propositions of law, but factually are quite different from this case.

Appellant's argument is that the words and phrases of the ten year old boy in narrating the acts of appellant in commission of the alleged offense are not sufficiently specific to prove the crime. No objection to, or motion to exclude, such testimony was entered. We are convinced that the words and phrases criticized are those customarily used by, and expected to be used by, a ten year old boy under the circumstances of a public trial conducted by adults, of such a detestable crime, and that the jury was well acquainted with, and understood, the words and phrases of this witness. We hold that there was no error in submitting this testimony as rendered to the jury.

## IV

Appellant's remaining claim of error, numbered 3, is that there was no proof of penetration.

We are cited to the case of Tarrant v. State, 12 Ala.App. 172, 67 So. 626, which is authority for the law that proof of penetration is essential to a conviction, but that it may be proved by circumstantial, as well as by direct, evidence. We hold that the testimony of the boy and his mother was sufficient for submission to the jury.

The evidence was conflicting and the trial judge properly submitted the evidence to the jury, with a thorough oral charge of the applicable law. The jury found the appellant guilty.

We have considered the entire record under Title 15, § 389, Code of Alabama, 1940, Recompiled, 1958. From this examination we conclude that error is not made to appear.

The foregoing opinion was prepared by Hon. DAN BOYD, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended; the Court has adopted his opinion as its own.

The judgment below is hereby

Affirmed.

CATES, P. J., and ALMON, TYSON, HARRIS and DeCARLO, JJ., concur.