[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1174 
Crime against nature; sentence: six years imprisonment.
Kenneth McKinney, a twenty-one-year-old male, testified that appellant, a thirty-two-year-old male, came to his residence on the afternoon of June 18, 1976, and asked to see his mother. His mother refused to see appellant, and McKinney informed appellant she was not home. Appellant then asked McKinney to accompany him to his car to get a soft drink. McKinney, who testified he had never before seen appellant, agreed to go along and rode with him to the Long Branch Saloon. There McKinney purchased two alcoholic drinks with appellant's money while appellant waited in the car. The two men drove around for some time and eventually returned to the saloon where McKinney again purchased two drinks with appellant's money. A conversation followed in which appellant mentioned going to see a girl in another town and going to check on a watermelon field. Instead, they drove to a cornfield and parked. Appellant then ordered McKinney to allow him to perform fellatio on him. Following this act, appellant grabbed McKinney's head and forced him to perform fellatio on appellant. Appellant next ordered him to drop his pants and lean against the car. Appellant then attempted to perform anal intercourse with McKinney.
Finally, appellant took McKinney to a place near his home and let him out of the car. McKinney walked to a friend's house where he called his grandfather to come get him. After arriving at the grandfather's house, he called the police. The police took him to Dr. Robert McLaughlin for an examination. The doctor testified that the condition of McKinney's rectum was consistent with penetration by a foreign object and consistent with the complaint made. McKinney stated that his mother had told him appellant always carried a gun in his car. He testified that he was not afraid of appellant until the time of the sex acts, but became afraid then because of the gun his mother had mentioned.
Appellant was arrested by Deputy Sheriff J.R. Parrish on June 19 between 1:00 and 1:30 a.m. at Harry Walker's cow pen. He was immediately taken to Dale County jail where he gave a written statement after having been read his Miranda rights. Appellant's statement admitted the sex acts with McKinney. However, it differed from McKinney's story in that appellant stated McKinney had agreed to perform oral sex for a fee of $20 and had submitted to the anal sex after the oral sex proved unsatisfactory. Appellant stated he was unable to complete the act and refused to pay McKinney. He said McKinney then threatened to have him put in jail.
 I
Appellant's first assignment of error alleges that appellant was not present during *Page 1175 
the initial identification and qualification of the jury venire at the beginning of the court term. This, he argues, was a denial of his constitutional right to be present at every important stage of the trial process.
The record gives no indication as to whether appellant was in fact present at the initial qualification. However, there clearly is no objection in the record to preserve any error in relation to the jury venire if in fact any error existed.
 "The purpose of objection and exception are to challenge the correctness of the action of the court so that such action may be corrected by the court itself, if deemed erroneous, and to lay the foundation for review, if necessary, by the appellate tribunal. Without such objection, the trial court ordinarily has the right to assume that its action is acquiesced in and free from error. Haygood v. State, 252 Ala. 3, 38 So.2d 593."
Knight v. State, 273 Ala. 480, 142 So.2d 899 (1962).
If counsel is to question or object to the jury venire, he must do so prior to the impaneling and swearing in of the jury. Failure to make a timely objection waives the right to question the jury's qualifications, and appellant may not complain for the first time on motion for new trial nor on appeal to this court. Douglas v. State, 50 Ala. App. 602, 281 So.2d 652 (1973);Yancey v. State, 56 Ala. App. 577, 324 So.2d 292 (1975). Hurleyv. State, Ala.Cr.App., 341 So.2d 494 (1976), cert. denied, Ala., 341 So.2d 497.
Further, excusals of jurors in a defendant's presence are not required in non-capital cases. Dean v. State, 54 Ala. App. 270,307 So.2d 77 (1975). In this case, as in Yancey, supra, the defendant appears to have been present while the jury which heard his case was qualified and chosen. It was not necessary that he be present on the beginning day of the term when the venires were organized and at which time some prospective jurors may have been excused.
 II
Appellant alleges there was conflicting evidence as to McKinney's sexual proclivity; that McKinney was an accomplice to the act; and that as such, there was not sufficient corroboration of his testimony to sustain appellant's conviction. Title 15, § 307, Code of Ala. 1940, now §12-21-222, Code of Ala. 1975.
If one is forced to commit an act of this nature, he is not to be considered an accomplice. Fuller v. State, 39 Ala. App. 90, 94 So.2d 788 (1957); Mahone v. State, 44 Ala. App. 372,209 So.2d 435 (1968). The burden of proving the witness to be an accomplice is upon defendant. Fuller, supra. Where one participates willingly as an accomplice in the commission of sodomy, a conviction may not be based on his uncorroborated testimony. However, where he is an unwilling victim, his testimony does not require corroboration to support a conviction if clear and convincing in character. Whether or not the victim is a consenting accomplice is a question for the trier of fact. Fuller, supra. The court accurately and adequately charged the jury in this matter, and it was a question properly before the jury. McKinney testified he had not engaged in such behavior previously; that he acquiesced solely because he feared appellant had a gun in his car at the time of the occurrence. Though appellant's statement contained evidence to the contrary, this was a question of fact for the jury, and sufficient evidence was presented to support their conclusion.
 III
Appellant contends the trial court erred by admitting into evidence a readily separable portion of his written statement which inferred the commission of another offense not connected with the offense tried. The matter objected to appears in appellant's statement as follows:
 ". . . Then I went to a cow pen but I didn't do anything with a cow because I *Page 1176 
couldn't. Then some cars came up shining lights and it was the law and they brought me to jail."
These are the last two sentences of appellant's statement. They appear in the statement after all the matters related to the instant case had been set forth and could have been excised from the statement without affecting those portions pertinent to the offense being tried.
In a criminal prosecution, any proof which tends to show the accused is guilty of other offenses, even though of a similar nature to the one charged, is incompetent and inadmissible for the purpose of showing the commission of the crime under indictment subject to certain well-delineated exceptions. These exceptions as they bear on the accused's motive, intent, scienter, identity, pattern, system, and nature are discussed in numerous cases. See: McMurtrey v. State, 37 Ala. App. 656,74 So.2d 528 (1954) and cases cited therein. Thus, even though a confession or inculpatory statement in the nature of a confession is voluntary, it does not follow that every feature of such a statement is admissible. If a portion of the confession indicates that the accused has committed other separate offenses, upon proper objection and motion, it should be excluded by the court if its separation is possible, while leaving the remainder intelligible, unless it directly tends to prove defendant's guilt of the crime charged or his motive or to explain the balance of the confession. Sims v. State,253 Ala. 666, 46 So.2d 564 (1950); Madison v. State, 40 Ala. App. 62, 109 So.2d 749 (1958).
It could be inferred from the above quoted portion of appellant's statement that he may have attempted an unnatural act with the cow, but for some unstated reason was unable to do so. Regardless of the inferences which may be drawn from that statement, the trial judge is required to rule on objections on the grounds specified. Specific grounds for objection waive all grounds not specified, and the trial judge will not be put in error on grounds not assigned in an objection. Rogers v. State,53 Ala. App. 573, 302 So.2d 547 (1974); Edgil v. State,36 Ala. App. 379, 56 So.2d 677 (1952).
In the instant case, counsel for appellant objected to the admission of any of the statement. He did not assert at trial as he does on appeal that the objectionable portion could have been severed. His contention at trial was:
 ". . . You cannot give half a confession and you cannot mark out certain parts of the confession. If it's given at all, it has to be given completely as I understand the law. It must be admitted on its entirety and on all four corners of it or it must be rejected if any point of it is defective. . . ."
The general rule is that the whole confession is admissible even though it shows the accused committed other crimes if such admissions are inseparably connected with the confession of the crime charged. However, where inadmissible statements in a confession can be easily separated from those relating to the crime charged, only those parts material to the crime charged should be admitted. Madison v. State, 40 Ala. App. 62,109 So.2d 749 (1958), cert. denied, 268 Ala. 699, 109 So.2d 755. The portion of the appellant's statement concerning the cow could have been severed, but the trial court was under no duty to do so where counsel objected to such a severance and took the position that the entire statement was inadmissible.
Additionally, we do not find admission of the portion of the statement objected to as constituting reversible error even had the proper specific objection been made. Title 14, § 106, Code of Ala. 1940 [§ 13-1-110, Code of Ala. 1975] is "broad enough in its terms to embrace all unnatural carnal copulations, whether with man or beast." Woods v. State, 10 Ala. App. 96,64 So. 508 (1914).
 "The statute here questioned only fixes the punishment for crime against nature, *Page 1177 
a criminal offense recognized as against human morality and to apply to carnal copulation contrary to nature by the common law and anciently. We adopted the England common law. . . . Public and legal history is replete with knowledge of this criminal offense. It is characterized as abominable, detestable, unmentionable, and too disgusting and well known to require other definition or further details or description. . . ." (Citations omitted) Horn v. State, 49 Ala. App. 489, 273 So.2d 249 (1973).
Appellant's statement in its entirety shows a pattern of sexual behavior into which the alleged "crime against nature" fits. The latter portion of appellant's statement concerning the cow has probative value relative to appellant's intent, motive, and scienter in committing acts constituting the crime against nature. Neither are the acts described in his statement remote in time from one another. Stewart v. State, 38 Ala. App. 365, 84 So.2d 658 (1955), cert. denied, 264 Ala. 699,84 So.2d 660; Chancellor v. State, 38 Ala. App. 89, 80 So.2d 313 (1954), cert. denied, 262 Ala. 700, 80 So.2d 315.
We distinguish the instant situation from cases where the prosecution attempts to put on proof of other similar but distinct offenses not connected in fact or in time with the offense charged. Parris v. State, 43 Ala. App. 351,190 So.2d 564 (1966); Dennison v. State, 17 Ala. App. 674, 88 So. 211
(1921). Here the State was not attempting to offer independent evidence by other witnesses that appellant had engaged in other unnatural sexual acts in order to show his disposition, inclination, propensity, or depravity. The question facing us is whether the trial court erred in admitting into evidence the entire confession considering the terms in which the appellant's objection thereto was framed. We think not.
 IV
During the course of the oral charge to the jury, the trial court made the following statement:
 "Also in this case the confession or the statement of the defendant has been admitted. With regard to the alleged confession or statement of the defendant, you may consider all of the facts and circumstances surrounding the taking of the alleged confession or statement in determining the weight of credibility, if any, which you are to give the alleged confession or statement."
At the end of the court's oral charge, counsel for appellant excepted to the use of the words "confession" or "alleged confession" in the court's charge.
In the statement in question, the appellant states in no uncertain terms that he offered to pay Kenneth McKinney $20 if McKinney would perform the act of fellatio or sodomy on the appellant. Without using the vulgar language which the appellant used in his statement, we find that appellant's statement also clearly states that appellant attempted to have anal intercourse with McKinney after McKinney failed to satisfy him in the first unnatural sex act. We find no error in the above quoted portion of the trial court's oral charge to the jury. The appellant's statement in question is clearly and unequivocally a confession to a crime against nature.
 V
During the prosecutor's closing argument, the following occurred:
 "MR. MATTHEWS: And he was arrested in Mr. Walker's cow pen. Now, that is pretty good indicia of the sexual propensities of the defendant.
 "MR. CAIN: Judge, we're going to object to that. This man is not being tried for that. This is the reason why we objected to the statement in the first place.
 "MR. MATTHEWS: Unnatural sex acts and they asked about his naturalness in sex all during the testimony of these witnesses. *Page 1178 
"THE COURT: I overrule."
During the testimony of defense witnesses, counsel for the appellant attempted to show that McKinney was sexually abnormal inferring that he had homosexual tendencies. On the other hand, counsel for appellant attempted to show that the appellant possessed no abnormal sexual propensities.
Counsel for appellant in questioning defense witness Ronnie Barnard asked if McKinney was a "normal American boy;" if he liked girls; if McKinney ever showed a marked affection for boys or attempted to put his hands or arms around other boys; if McKinney had ever "approached" the witness; and whether McKinney was effeminate or feminine in character more than masculine.
During the examination of defense witness James Godfrey, counsel for appellant asked the witness if he had ever known Andrews to be "anything other than a male persuasion . . . interested in women sexually rather than men;" whether the appellant ever "approached" the witness in any way; whether the appellant ever attempted to make any "indecent suggestion" involving a "sexual encounter" with the witness; and whether the witness knew what the appellant's sexual propensities were during his incarceration since the offense. Counsel for appellant was likewise allowed to question the witness as to whether McKinney displayed more affection toward boys than toward girls.
A prosecutor in argument to the jury may not argue as a fact that which is not in evidence, but he may comment on proper inferences which may be drawn from the evidence and may draw conclusions from the evidence based on his own reasoning.Borden v. State, Ala.Cr.App., 337 So.2d 1388 (1976). In the instant case, the fact of the appellant's arrest in the cow pen was a matter in evidence. Likewise, the appellant's statement concerning his arrest in the cow pen was properly in evidence. Counsel for appellant had repeatedly sought to elicit testimony to show the unnatural sexual propensities of the complaining witness and to show that the appellant possessed no unnatural sexual tendencies. Therefore, we deem the comment in question by the prosecutor to be in reply to those issues raised by counsel for appellant in questioning defense witnesses. The prosecutor's comments were based upon facts in evidence and issues raised by the defense in the trial of the case. The inference drawn in the prosecutor's argument from the appellant's arrest in the cow pen is not only reasonable, but in light of the evidence in the case, is also logical.
AFFIRMED.
All the Judges concur.