BOWEN, Judge.
Darran Webb was convicted for the unlawful distribution of cocaine in violation of Ala.Code 1975, § 13A-12-211, and sentenced to 10 years’ imprisonment. On this appeal, he argues that the trial court erred in refusing to question the venire about whether any member would give more credence to the testimony of police officers because of the officers’ official status.
In Nodd v. State, 549 So.2d 139, 147 (Ala.Cr.App.1989), this Court held:
“[Wjhere the State’s case consists primarily of police testimony and that testimony is crucial in establishing the State’s case, the defense has a right to inquire, either through counsel or the trial judge, whether any member of the jury venire might be more, or less, inclined to credit the testimony of a police officer simply because of his or her official status. The trial judge’s refusal of such requested inquiry will constitute an abuse of discretion when the issue has not been adequately covered in other questions on voir dire or in the judge’s charge to the jury.”
In this case, the State’s entire case against the defendant consisted of the testimony of two police officers and the forensics expert who analyzed the cocaine. In our opinion, the trial court, upon proper and timely request, should have made inquiry into whether any member of the jury venire might be more, or less, inclined to credit the testimony of a police officer simply because of his or her official status. Nodd, supra.
On the date of trial and in open court, defense counsel filed a “Request for Voir Dire Questions.” The request contained a list of 22 questions. Question 13 stated: “Do you believe that an officer of the law is more capable of telling the truth than a person accused of crime?”
After the jury had been qualified and then excused from the courtroom, the following exchange occurred:
“MR. FREEMAN [defense counsel]: Your Honor, I would like to object to the Court’s failure to ask my voir dire questions beginning with question number one. The Court did not ask the entire question. The Court omitted acquainted with any person employed by the district attorney’s office.
“THE COURT: Let me explain to you something, Mr. Freeman. My usual procedure, and I think the procedure is when I ask attorneys if they have any further questions on voir dire, that you need to advise me at that time.
“MR. FREEMAN: Well, Your Honor, I did not want to make an objection in the presence of the jury.
“THE COURT: I suggest, and the way my practice is, and you’ve tried a case before me, is that you approach the bench and remind me if there’s another question you would like asked. But go ahead and note your objections for the record.
“MR. FREEMAN: I would also object to the Court’s failure to ask question number 3 in its entirety. Question number 10-excuse me. I’ll withdraw that. Questions number 11 in its entirety. Question number 13 in its entirety. Question number 14 in its entirety. 15 in its entirety. 16 in its entirety. 17 in its *953 entirety. 18 in its entirety. 19, 20, 21, and 22.
“The defendant objects to the Court’s failure to ask those voir dire questions. The defendant believes that — The defendant believes that those questions are proper and are relevant to the case at hand. And the State’s failure to — the Court’s failure to inquire of the venire in respect to those questions prevents or denies the defendant the right to become acquainted with the venire, and we respectfully object.
“THE COURT: All right, sir. Your objection is overruled.”
The issue of the trial court’s failure to question the jury as requested has not been preserved for review by proper and timely objection. It is clear to this Court that the trial court treated the defendant’s objection as untimely. “Failure to make a timely objection waives the right to question the jury’s qualifications.” Andrews v. State, 359 So.2d 1172, 1175 (Ala.Cr.App.1978). Defense counsel did not enter an objection when the trial court specifically inquired if counsel had any further questions on voir dire but waited until the venire had been excused for a recess. The general rule is that in order to be timely an objection must be made as soon as the ground of the objection becomes apparent. Leverett v. State, 462 So.2d 972, 979 (Ala.Cr.App.1984). See generally, C. Gamble, McElroy’s Evidence § 426.01(3) (3d ed. 1977). See also Embrey v. State, 283 Ala. 110, 116, 214 So.2d 567, 573 (1968) (“Objection to a question must be made as soon as the question is stated.”); Walker v. State, 265 Ala. 233, 236, 90 So.2d 221, 224 (1956) (“An objection to evidence must be made when the evidence is offered.”).
A trial court should allow counsel “full opportunity to make known his [or her] objections to the court.” Dennison v. State, 17 Ala.App. 674, 676, 88 So. 211, 213 (1921). However, when the trial court specifically inquires if counsel have any objections or requests and none are forthcoming, counsel has waived any objection concerning the matter of the judge’s request. See Knight v. State, 160 Ala. 58, 49 So. 764, 765 (1909) (“It is the duty of an attorney, in the trial of causes, to aid the court, to the end that error in the course of the trial may be avoided, and, when called upon by the court, to state the ground upon which a contention is rested or a ruling is invoked. The duty rests upon the attorney to comply with the request and to give the court the benefit of the information he possesses; and failing, or ‘refusing,’ so to do, no duty rests upon the court to cast about to ascertain the grounds upon which the ruling is invoked, and it may overrule the objection or motion without committing reversible error.”).
With regard to the sufficiency of the objection in this case, we view this matter as similar to a trial court’s failure or refusal to instruct a jury as requested. Objection to a trial court’s failure or refusal to instruct is governed by Rule 14, A.R.Crim.P.Temp., and Rule 51, A.R.Civ.P. “[T]he proper procedure for objecting to the court’s charge under Rule 14 and Rule 51 is to state the matter to which the party objects and the grounds of his objection.” Matkins v. State, 497 So.2d 201, 202 (Ala.1986). A party must “state with particularity the grounds of their objection.” Matkins, 497 So.2d at 203 (emphasis omitted). An objection to the failure of the trial court to give the defendant’s requested charges because the charges are “fair and accurate statements of the law” does not state with particularity the grounds of the objection. Bogan v. State, 529 So.2d 1029, 1031 (Ala.Cr.App.1988). A general objection to the trial court’s failure or refusal to charge the jury on a particular matter is not a sufficient objection. “ ‘Defendant must object specifically to each of the charges refused, and the grounds assigned must be specific.’ ” Kinder v. State, 515 So.2d 55, 62 (Ala.Cr.App.1986) (citations to authority omitted). “[C]ounsel must point out to the trial court the matters to which he excepts with sufficient particularity to allow the judge to make an informed decision regarding specific subject areas of the charge.” Grace v. State, 431 So.2d 1331, 1336 (Ala.Cr.App.1982). “The objection must be specific enough to point out the alleged error so as to allow *954 the judge to correct the error.” Ex parte Washington, 448 So.2d 404, 406 (Ala.1984). See also Ex parte Johnson, 433 So.2d 479, 480 (Ala.1983). A general objection to the refusal of the court to give the instructions requested by the defendant is not to be sustained if “any one of the charges [is] erroneous,” Goley v. State, 87 Ala. 57, 61, 6 So. 287, 288 (1889), and is unavailing “unless all the charges should have been given,” Johnson v. State, 141 Ala. 37, 39, 37 So. 456 (1904). “It is generally recognized that a specific objection is a condition precedent to appellate review while a general objection is a waiver of appellate review.” McElroy at § 426.01(7).
Defense counsel did not give a specific reason why the trial court should have questioned the jury as requested in question number 13. Furthermore, from the following portion of the objection given, “I would also object to the Court’s failure to ask ... [qjuestion 13 in its entirety,” it is not clear whether the trial court actually voir dired the venire with regard to some portion of the question or whether the court made no inquiry whatsoever about the matter.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.