This Court issued the writ of certiorari to the Court of Criminal Appeals to review this question: Did the Court of Criminal Appeals err in holding that the petitioner waived his right to object to the trial court's failure to question prospective jurors as to whether the jurors would be inclined to give more weight to the testimony of a police officer than they would to the testimony of a private citizen or to the testimony of the defendant?
The Court of Criminal Appeals, 586 So.2d 951, citing its case of Nodd v. State, 549 So.2d 139 (Ala.Cr.App. 1989),[1] held that the petitioner was entitled to have the prospective jurors questioned as he had requested. That Court, citing Andrews v.State, 359 So.2d 1172 (Ala.Cr.App. 1978), further held that "[t]he issue of the trial court's failure to question the jury has not been preserved for review by proper and timely objection." The Court also held that "[w]ith regard to the sufficiency of the objection . . ., we view this matter as similar to a trial court's failure or refusal to instruct a jury as requested."
After an examination of the law, and of the particular facts in this case, we are constrained to hold that the Court of Criminal Appeals erred in finding a waiver of rights in this case.
The basic facts are not disputed. The record shows, as found by the Court of Criminal Appeals, that "[o]n the date of trial and in open court, defense counsel filed a 'Request for Voir Dire Questions,' " which contained 22 questions, including the following three that petitioner contends the trial court should have propounded:
 "No. 11. If any member of the jury venire would give greater weight to the testimony of a police officer than that of a private citizen, please stand and state your name."
 "No. 13 Do you believe that an officer of the law is more capable of telling the truth than a person accused of a crime?"
 "No. 14 If testimony produced by the person accused of [the] crime is contradicted by sworn testimony of an officer of the law, would you tend to believe *Page 956 
that the testimony produced by the accused was not the truth?"
The record further shows, as shown by the opinion of the Court of Criminal Appeals, that the following occurred during the jury selection process:
 "(WHEREUPON, a jury venire was brought in, duly qualified, then excused from the courtroom, and the following proceedings occurred:)
 "Your Honor, I would like to object to the court's failure to ask my voir dire questions beginning with question number one. . . .
". . . .
 "I would also like to object to the court's failure to ask question number three in its entirety. Question number ten — excuse me. I'll withdraw that. Question number 11 in its entirety. Question number 13 in its entirety. Question 14 in its entirety. 15 in its entirety. 16 in its entirety. 17 in its entirety. 18 in its entirety. 19, 20, 21, and 22.
 "The defendant objects to the court's failure to ask those voir dire questions. The defendant believes that — The defendant believes that those questions are proper and are relevant to the case at hand. And the State's failure to — the court's failure to inquire of the venire in respect to those questions prevents or denies the defendant the right to become acquainted with the venire, and we respectfully object."
We agree with the basic holding by the Court of Criminal Appeals that objections to the manner in which voir dire examination of jurors is conducted should be timely made, but we also believe that the Court of Criminal Appeals, based on the particular facts of this case, was too strict in its application of the waiver principle, especially in view of the fact that petitioner had prefiled the questions with the court, and the actual striking of the trial jury had not commenced.
In Andrews, the case cited by the Court of Criminal Appeals, the opinion shows that "there clearly [was] no objection in the record [in that case] to preserve any error in relation to the jury venire." 359 So.2d at 1175. Here, the record specifically shows that petitioner not only prefiled a "Request for Voir Dire Questions," but also made an objection, on the record and in open court, prior to the time the actual striking of the trial jury began.
At the time this case was tried, there were no specific procedural rules governing the time within which an objection such as the one made here should have been made, and it appears from the record that the trial judge's rule of procedure in such matters at most was based on custom and usage in his court. There was case law extant that did address the question, of course. In Andrews, supra, the Court stated the rule, as follows:
 "If counsel is to question or object to the jury venire, he must do so prior to the impaneling and swearing in of the jury. Failure to make a timely objection waives the right to question the jury's qualifications, and appellant may not complain for the first time on motion for new trial nor on appeal to this court. Douglas v. State, 50 Ala. App. 602, 281 So.2d 652 (1973); Yancey v. State, 56 Ala. App. 577, 324 So.2d 292 (1975). Hurley v. State, Ala. Cr. App., 341 So.2d 494 (1976), cert. denied, Ala., 341 So.2d 497."
359 So.2d at 1175.
In Williams v. State, 342 So.2d 1328 (Ala. 1977), this Court held that the failure of a defendant to raise a proper objection to the composition of a jury before entering upon the trial of the case on its merits constituted a waiver of his right to do so.
The underlying purpose of allowing the parties to question prospective jurors is to assist the parties in knowledgeably exercising their challenges for cause or in making their peremptory strikes. Although the trial court has discretion to reasonably control the voir dire process, the court should be mindful of the underlying purpose of voir dire examination of prospective jurors.[2] *Page 957 
We believe that the trial court's refusal to question the prospective jurors as petitioner was authorized to do underNodd, supra, frustrated the petitioner's rights, and that his objection was timely, because the record shows that although the trial court had completed jury voir dire and had excused the venire, the actual striking of the jury had not begun.
Even assuming that the objection was timely, the Court of Criminal Appeals also held that petitioner's objection was not specific enough to apprise the trial court of the grounds upon which he was objecting. An objection, of course, should fairly and specifically point out the particular grounds on which an alleged error occurred in order to inform the trial judge of the legal basis of the objection, thereby affording the trial judge an opportunity to reevaluate his or her initial ruling in light of the grounds alleged and to change it, if deemed necessary. Ex parte Washington, 448 So.2d 404, 406 (Ala. 1984);Ex parte Johnson, 433 So.2d 479 (Ala. 1983).[3]
We think that the objection made by the petitioner was specific enough. The trial court had before it the list of voir dire questions that petitioner had requested be asked. This list contained the omitted questions to which petitioner was objecting, questions that the Court of Criminal Appeals admittedly states should have been asked in this case. Further, petitioner's counsel stated as his reason for objecting the fact that he believed that he had a right to ask the questions under Alabama law. Clearly, Nodd, supra, holds that he had such a right.
Based on the foregoing, we hold that the Court of Criminal Appeals erred in affirming petitioner's conviction. The judgment of that Court is, therefore, reversed and the cause is remanded to that Court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] In Nodd v. State, 549 So.2d 139 (Ala.Cr.App. 1989), the Court of Criminal Appeals held:
 "[W]here the State's case consists primarily of police testimony and that testimony is crucial in establishing the State's case, the defense has a right to inquire, either through counsel or the trial judge, whether any member of the jury venire might be more, or less, inclined to credit the testimony of a police officer simply because of his or her official status. The trial judge's refusal of such requested inquiry will constitute an abuse of discretion when the issue has not been adequately covered in other questions on voir dire or in the judge's charge to the jury."
549 So.2d at 147. The holding in Nodd is a correct statement of the law.
[2] At the time this case was tried the procedural rules governing the voir dire examination of jurors was primarily contained in case law. Now, Rule 18 of the Alabama Rules of Criminal Procedure governs the procedure for conducting voir dire examination of prospective jurors in criminal cases.
[3] It should be noted that these cases deal with objections made in the trial court's instructing of the jury. The procedure for making objections in such cases is controlled by Rule 21, Ala.R.Cr.P. Rule 18, Ala.R.Cr.P., does not contain any provisions governing the time when objections should be made in the voir dire process, and how specific those objections must be.