625 So.2d 1207 (1993)
P.W.
v.
STATE.
CR 92-889.
Court of Criminal Appeals of Alabama.
August 13, 1993.
Jon Spechalske, Mobile, for appellant.
James H. Evans, Atty. Gen., and Jean Therkelsen, Asst. Atty. Gen., for appellee.
BOWEN, Presiding Judge.
Seventeen-year-old P.W., the appellant, was adjudicated a serious juvenile offender pursuant to Ala.Code 1975, § 12-15-71.1, on the underlying charges of theft of property, burglary of a motor vehicle, and possession of burglar's tools. He was ordered committed to the Alabama Department of Youth Services for evaluation and placement.
The juvenile asserts on appeal that he should not have been ordered to pay court costs and fines in the amount of $1,494 because he is an indigent. At the hearing on the instant petitions, the juvenile admitted that he had been to juvenile court 28 times, and that prior to this proceeding he had accumulated $1,065 in court costs and/or restitution, *1208 none of which had been paid. At the end of the hearing the juvenile judge stated:
"That's right[, no court costs have ever been paid]. Absolutely not one thin dime, and I can truthfully say that if I allowed you to do it for another month, there would still be not a dime here. You never accept responsibility for your actions. You assume somebody else is going to, or you assume that the next time you come up, you can think of a different story that will bring a little figment of imagination in somebody's mind that maybe we're going to get to him this time, and I wish that was the case, because I don't have any time left to get to you, you know, like I've told you. Your age is going to put you out of my jurisdiction. [The juvenile would turn 18 years old in 24 days]....
"....
"Now, these cases, plus the $1,050.00 that you've never showed the kindest consideration of paying a dime on ityou figured you wouldn't have to; you figured you could keep pulling the same type of activity and get away with it. And con your way out of it, like you do. You're good at it, but you just hit a brick wall today, son. I would like to believe a lot of the stuff you tell me, and I did. I would have believed you a longer route; believe me, I would have worked with you and tried my very best to get you to uh straighten up and fly right, so to speak, but that's just not your cup of tea. You've always gotten away with it. Why should you stop, son, when nobody ever does anything to you but pop you on your wrist and tell you, `[P.], don't do it again.' You get a little careless. You figure, well, they're always gonna tell you, `[P.], don't do it, again.' Now, we're always going to come up with some other justification for it, like you being an alcoholic. You very well may be an alcoholic. I know quite a few young people, younger than you, that are alcoholics. Sad, but that's the way it is. What I'm gonna do today is send you to the state school. It will take about two weeks to process you. Including the money that you've been previously required to earn, the restitution and court costs, plus the total amount of the court costs, and I didn't get any restitution figure; so, I'm not going to take those into consideration today. It would come to about $1,494.00, within $6.00 of being $1500.00. If you can come up with $1,494.00 before theyin about two weeksit usually takes about two weeks before they pick you [up]I'll reset the case and reconsider it. Understand what I'm saying?
"MS. DEMETRIE [juvenile's mother]: He's not working. How is he gonna pay it?
"THE COURT: I have no idea; that's not my problem. He
"THE CHILD: I can'tI can't work back here, Your Honor.
"THE COURT: Son, you created the problem. I can't resolve your problem. You knew about this months and years before you were put out here and you never paid one dime. You didn't work then, and if you did work, we didn't get any of it. It's a joke with you, a pathetic joke. You have always gotten away with it, and you're not gonna get away with it now. And I won't ever see you, again, other than, maybe I will in two weeks because you'll be out of my jurisdiction, but as sure as I'm sitting here, if you keep taking the attitude, which you probably will, you're going to end up in the state penitentiary. You're going to end up there.... But you're not going to learn until somebody really hits you where it hurts. You're not going to get your mind straightened out, and the sad part of it is, you could be a very good success at probably anything you wanted to do, and I know so many kids down here that probably have I.Q.'s in the 60's and the 70's, and they basically would like to be able to work. They'd like to have your ability to do it, but they can't. They're not blessed with it. You are blessed with it and you are trashing it away. That's your job. You can do what you want to do with it. I can't change it. That's what my ruling is and that's the way it's gonna be. $1,494.00, if it's paid in before they pick you up, fine. If they don't, you're going up.

*1209 "THE CHILD: Your Honor, does this mean that I can go home and earn the money?
"THE COURT: No; you're going to stay here until the two weeks is up. No; I'm not letting you out." R. 47, 52-57.
In an order entered February 8, 1993, the juvenile court stated:
"As disposition the child is ORDERED committed to the Alabama Department of Youth Services for evaluation and placement in whatever facility they deem appropriate. The child has a total of 18 points on the risk assessment instrument. He is detained at the Strickland Youth Center pending acceptance by DYS. The child is ORDERED to pay restitution to the victims in petitions .26-.27 and said matter is referred to the Restitution Committee for review and report to the Court. Court costs are assessed at level II in petition.26, and at level I in petitions .27-28.
"The Court does note that [P.W.] owes $1,050.00 in previously assessed court costs. The Court informed [P.W.] that in the event he pays $1,494.00 into this Court prior to being accepted by DYS then the Court will set this case for review and will reconsider the order of commitment." C.R. 18.
The matter of the repayment of the previously assessed court costs does not appear in the "order of commitment to Alabama Department of Youth Services." C.R. 19.
First, we note that the issue raised on appeal has not been preserved for appellate review. Objection to the order of the juvenile court is presented for the first time on appeal. Even in juvenile cases, proper and timely objections are required. See Ex parte Brown, 540 So.2d 740, 744-45 (Ala. 1989).
Even had the issue been properly preserved, we find that the juvenile was not incarcerated because of his indigency. The fact that different interpretations may be afforded the judge's order merely identifies the reason why an objection was required in the juvenile court. "An objection, of course, should fairly and specifically point out the particular grounds on which an alleged error occurred in order to inform the trial judge of the legal basis of the objection, thereby affording the trial judge an opportunity to reevaluate his or her initial ruling in light of the grounds alleged and to change it, if deemed necessary." Ex parte Webb, 586 So.2d 954, 957 (Ala.1991).
Under the particular facts of this case, it appears to this Court that the juvenile court was offering the non-repentant juvenile one last opportunity to demonstrate some sign of remorse or to indicate that he acknowledged and accepted responsibility for his actions. The juvenile court was merely allowing the juvenile to provide a mitigating or redeeming factor that was not present when the juvenile was adjudicated a delinquent and sentenced. If anything, it appears to this Court that the juvenile court was merely trying to impress this juvenile with the "hardness" of the "brick wall" he had just hit, for, from the record, it appears that no one harbored even the slightest hope that the accumulated court costs would be paid. In determining disposition, the juvenile court was certainly entitled to consider the juvenile's record of past compliance or noncompliance with the previous orders of the court. Cf. Woods v. State, 568 So.2d 331, 335 (Ala. Cr.App. 1990) (defendant's criminal record including juvenile arrests and pending felony indictments could be considered in sentencing). See also Rule 26.6(b)(2), A.R.Crim.P.[1] (at the sentence hearing, "[e]vidence may be presented by both the state and the defendant as to any matter that the court deems probative on the issue of sentence").
*1210 We do note that had the juvenile court's action actually been an attempt to collect previously imposed court costs, it would have been improper. "[T]he imprisonment of an indigent offender for failure to pay his fine is generally recognized as constitutionally impermissible, Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971)." Wheatt v. State, 410 So.2d 479, 481 (Ala.Cr.App.1982). Rule 26.11(i)(2), A.R.Crim.P., provides: "In no case shall an indigent defendant be incarcerated for inability to pay a fine or court costs or restitution." Furthermore, the Alabama Rules of Criminal Procedure specifically provide for the procedures to be employed in the event of the nonpayment of court costs. Rule 26.11(j), A.R.Crim.P. Although a defendant may be held in contempt for failure to pay court costs, Rule 33, A.R.Crim. P., requires that certain procedures be followed before an individual may be held in contempt.
The judgment of the juvenile court is affirmed.
AFFIRMED.
All Judges concur.
NOTES
[1] Although we recognize that Rule 25(A), A.R.Juv.P., provides that "[t]he conduct of [a juvenile] hearing shall be consistent with legal and due process requirements and shall proceed generally in a manner similar to the trial of a civil action before the court sitting without a jury, except that the child may not be compelled to be a witness," we note that the rules of Juvenile Procedure were adopted in 1977, before the adoption of even the temporary Rules of Criminal Procedure. As we now have permanent Rules of Criminal Procedure, we deem it appropriate to look to those rules for guidance on matters, such as sentencing, that are not covered by the Rules of Civil Procedure.