McMILLAN, Judge,
dissenting.
Because I believe that defense counsel made the very specific objection that the State failed to establish the element of “visual reproduction” necessary to show a violation of § 13A-12-192, Code of Alabama 1975, I believe he waived the argument he now makes on appeal. A review of the record clearly indicates that, although, the appellant recited the statute in his objection, his entire argument revolved around whether the exhibits constituted “visual reproductions.” The mere mention by the appellant of the other elements of the offense was not sufficient to put the trial court on notice that his objection also pertained to them, especially in light of the extended argument as to the one specific element. Such an objection has traditionally been held to waive all other grounds not specified. As the majority states, the appellant never referred to the “live act” provision in his objection. Moreover, despite any initial argument that in hindsight may be construed to allude to a failure to prove “matter,” the record indi *760 cates that he completely failed to place the trial court on notice of this argument, to allow it an opportunity to rule on the issue. This “live act” term can be found only in the Code section defining “matter.” However, the appellant did not object to the State’s evidence as to that element at trial.
“Objections must be stated with ‘sufficient particularity’ to apprise the trial court of ‘the basis for objection’ so as to permit the trial court to make an informed decision ‘on the particular legal issue involved.’” Rose v. State, 598 So.2d 1040, 1043 (Ala.Cr.App. 1992).
“An objection, of course, should fairly and specifically point out the particular grounds on which an alleged error occurred in order to inform the trial judge of the legal basis of the objection, thereby affording the trial judge an opportunity to reevaluate his or her initial ruling in light of the grounds alleged and to change it, if deemed necessary.”
Ex parte Webb, 586 So.2d 954, 957 (Ala.1991).
The essence of the distinction between the objection raised by the appellant at trial and his argument on appeal is one of form versus subject matter. Specifically, he objected at trial to the form of the evidence as failing to constitute the required “visual reproduction,” i.e., a drawing, he said, is not a “visual reproduction”, for example, as a photograph or videotape would be. ■ On appeal, he argues that a “live act” is not depicted. This argument addresses the subject matter of the evidence, or what is being portrayed. These elements could be mutually exclusive: the State could prove that the drawing was made while observing a live act or performance in order to reproduce it, as is the ease, for example, with courtroom artists. Moreover, clearly photographs can be taken of any subject, not exclusively live acts.
Althdugh most statutes do not contain separate elements to address the form and subject matter of the evidence, I believe that the Legislature’s reason for drafting this statute as it did is based on the extreme importance of protecting an individual’s First Amendment rights while advancing the “competing interest” of eliminating child pornography. See Ex parte Felton, 526 So.2d 638, 640 (Ala.1988) (holding that Alabama’s possession of child pornography statute is constitutional.)
Because I believe that the appellant’s argument he makes on appeal, that the exhibits do not portray “live acts,” is not preserved, this Court should not address this claim. Rule 45B, ARApp.P. Therefore, I do not believe that the merits can or should properly be reached, and I respectfully dissent from the majority’s opinion.